UNITED STATES of America,
Plaintiff-Appellee,

v.

Francis Michael EVANS et al.,
Defendants-Appellants.

Nos. 20650, 20690.

United States Court of Appeals,
Eighth Circuit.

Sept. 1, 1971.

Paul H. Kinion, Cedar Rapids, Iowa, for defendant-appellant, Allen Knudtson.

C. Carleton Frederici, Des Moines, Iowa, for defendant-appellant Francis Michael Evans.

Frank A. Comito, Des Moines, Iowa, for defendant-appellant Donald Lee Kness.

John B. Grier, Asst. U. S. Atty., Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for plaintiff-appellee.

Before JOHNSEN and ROSS, Circuit Judges, and HARPER, District Judge.

HARPER, District Judge.

These appeals stem from judgments of conviction entered in the United States District Court for the Southern District of Iowa. Appellants were found guilty on two counts submitted to the jury, in one count for forcibly breaking into a building used in part as a post office with the intent to commit larceny in violation of 18 U.S.C.A. § 2115, and in one count for causing damage to government property in excess of $100.00 in violation of 18 U.S.C.A. § 1361.

The defendants-appellants filed motions to suppress the evidence. An evidentiary hearing was held on these motions, which were denied by the court. Thereafter, the defendants were convicted after a jury trial on both counts and each was sentenced to five years imprisonment on each count to run concurrently.

Appellants claim error in the admission of certain evidence taken by the police from a motor vehicle operated by defendant, Donald Lee Kness, prejudice by the joint trial, and insufficient evidence to convict defendants Knudtson and Evans.

The facts leading to the seizure of the vehicle and evidence are as follows: On the night of June 4, 1970, the Crawfordsville, Iowa Post Office was burglarized. Three residents of Crawfordsville, Earl Lowe, Kenneth Stodgill and Richard Griffin, were in the vicinity of the post office at that time. Two of these citizens testified that they heard a pounding noise while at a house catty-corner to the burglarized building. From a distance of one-half block all three witnesses saw four men running down an alley adjacent to the post office. Thereafter, a man walked past them whom Griffin testified resembled defendant, Donald Lee Kness, and Stodgill testified looked like either defendant Kness or Knudtson. A few moments latter these citizens observed a light green 1968 Ford Fastback with one occupant drive up the same alley. Thereafter, they saw the same car parked a half block from the post office, where it remained some fifteen to twenty minutes before it pulled away. A short time later Stodgill, Lowe and Griffin found the door to the building housing the post office pried open and notified the local deputy sheriff.

A description of the car in question was broadcast over area police radio and intercepted by the police at Iowa City, Iowa, which is located on the highway between Crawfordsville and Cedar Rapids. The Iowa City authorities had earlier stopped a car matching the description and had issued a traffic violation summons to Donald Lee Kness of Cedar Rapids. The car containing four occupants then departed from Iowa City. Subsequent to the reception of the radio transmission from Crawfordsville, the Iowa City police notified authorities at Cedar Rapids as to the expected route and time of arrival in Cedar Rapids of the automobile in question.

The police in Cedar Rapids located the described vehicle and followed it to a parking lot adjacent to some taverns. Identification was procured from Donald Lee Kness and Gene Allen Knudtson, but not from defendant Evans. The three defendants, the only occupants of the car, then left the automobile and proceeded toward the taverns. The Cedar Rapids authorities kept the car under surveillance. Two hours later defendant Kness returned with Marjorie Mae Johnson, the owner of the car, and sought to regain its possession. At this time Kness was arrested for intoxication.

The three witnesses who had seen the vehicle near the Crawfordsville Post Office were taken to the car in Cedar Rapids. They positively identified the car as the two-door light green 1968 Ford Fastback which they had earlier seen. They also noted other identifying char-

acteristics such as snow tires, which matched the only tread marks they had seen in the alley next to the Crawfordsville Post Office, and a pulled rear bumper.

Elmo Carleton, the postal inspector, ordered the car removed to a public garage. Inspector Carleton testified that at this time he knew that defendants Kness and Knudtson had a very high reputation in the Cedar Rapids area for committing breaking and entering.[1]

Early that morning following the burglary, Inspector Carleton sought from the Commissioner a search warrant on the basis of "a positive identification being made of the above described vehicle by three Crawfordsville, Iowa residents, namely Kennneth Stogell, Dick Griffin and Wayne Lowe, each stating that it is the same vehicle which they witnessed at the United States Post Office at Crawfordsville, Iowa, during the burglary of the said post office on the night of June 4, 1970." The search warrant was issued, resulting in the location of a large quantity of items in the trunk of the vehicle which had been taken from the Crawfordsville Post Office.

Appellants contend that the car was seized prior to the identification of the vehicle by the Crawfordsville residents, and, therefore, without probable cause. The record indicates that there was no seizure of the vehicle prior to the identification by the Crawfordsville residents. The Officers who surveyed the vehicle from the time the appellants left it until its identification, testified that only one attempt was made to retrieve the automobile by Kness, who was arrested for intoxication and, therefore, incapable of driving the car. Marjorie Mae Johnson, who accompanied Kness, made no request to drive the automobile, and left in a cab. The car was impounded only after the Crawfordsville residents identi-

fied it, at which time probable cause to seize the car existed.

The court in Carroll v. United States, 267 U.S. 132, pages 155–156, 45 S.Ct. 280, page 286, 69 L.Ed. 543 (1925) sets forth the standard for determining the reasonableness of a seizure of a vehicle:

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband * * * which is being illegally transported."

In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the court applied the *Carroll* test in approving a seizure of an automobile primarily on information similar to that known by the authorities here. The police in *Chambers*, supra, stopped a car on the basis of a description from two teenagers of an automobile seen circling the block in the vicinity of a robbery and speeding from a nearby parking lot. One of the occupants of that car was found to have on a green sweater, and a trench coat was also in the car, which articles of clothing were said to have been worn by the robbers. The police seized the car, took it to the police station, and searched it. The court found that probable cause existed for the search and seizure.

On the facts before this court, Inspector Carleton knew when he ordered the seizure of the vehicle that the Post Office in Crawfordsville had been burglarized; that a car matching the description of the one in question had been seen being driven in an alley next to the Post Office and had been parked nearby; that the vehicle driven by the defendants had been stopped in Iowa City, a town on the highway between the scene of the burglary and Cedar Rapids, a short time after the burglary was discovered; and that two of the defendants

---

1. The crimes of which the defendants presently stand convicted were committed while all three were enjoying release on bond pending appeal from convictions for similar charges in the state courts.

had a reputation for breaking and entering. Inspector Carleton was also present when the three residents of Crawfordsville identified the car on the basis of certain general and specific features. This meets the test of probable cause under *Carroll.*

Applying Chambers v. Maroney, supra, the authorities had probable cause not only to seize the automobile, but to search it after the identification by the Crawfordsville residents. However, the vehicle was not searched until the appellants had been given that extra privacy afforded by a warrant.

■ Appellants contend that the affidavit is insufficient on its face to support a finding of probable cause for the issuance of a valid search warrant. In Whiteley v. Warden, 401 U.S. 560, page 564, 91 S.Ct. 1031, page 1035, 28 L.Ed. 2d 306 (1971) the Supreme Court reiterated the standard for finding probable cause and stated:

> "The decisions of this Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant."

The affidavit here in question gives a detailed description of the car to be searched and the stolen property expected to be discovered. It also contains statements showing that the Post Office in Crawfordsville had been burglarized the night before. Three residents of Crawfordsville had personally seen the vehicle at the scene of the crime at the time of its commission. This information provides the nexus between the burglary in Crawfordsville and the car, which was a critical element absent in Whitely v. Warden, supra, note 8, at 565, 91 S.Ct. 1031.

The presence of these witnesses at the scene of the crime illustrates the reliable manner in which the witnesses obtained the information. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); McCreary v. Sigler, 406 F.2d 1264 (8th Cir. 1969). In addition, the three witnesses were actually named. The positive identification of the car related in the affidavit was an underlying fact adding reliability and credibility to the witnesses' observations of the vehicle at the scene of the burglary. United States v. Harris, supra; Aguilar v. Texas, supra. The affidavit meets the requirements of probable cause set down by the Supreme Court.

■ Appellants Knudtson and Evans contend that they are entitled to a judgment of acquittal since reasonable doubt existed as a matter of law. We cannot agree. Proof beyond a reasonable doubt has long been the standard for determining guilt of a criminal charge. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895); Brinegar v. United States, 338 U.S. 160, 174, 69 S. Ct. 1302, 93 L.Ed. 1879 (1949); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In United States v. Francisco, 410 F. 2d 1283 (8th Cir. 1969), the court in determining whether the prosecution had met this burden, held, l. c. 1285–1286:

> "In a criminal case where there has been a conviction resulting from a jury verdict of guilty, the appellate court must accept as established all reasonable inferences that tend to support the action of the jury, and any conflicts in the evidence are resolved in favor of the jury verdict. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Latham v. United States, 407 F.2d 1, 2 (8th Cir. 1969); * * *. In determining the sufficiency of the evidence, we must view it most favorably to sustain a jury verdict. Teel v. United States, 407 F.2d 604 (8th Cir. 1969); Moodyes v. United States, 400 F.2d 360, 363 (8th Cir. 1968); Meyer v. United States, 396 F.2d 279, 283 (8th Cir. 1968)."

Applying the above standard to the evidence in this case, the jury could properly infer that the defendants Knudtson and Evans participated in the burglary of the Post Office in Crawfordsville on June 4, 1970. Among the facts established by the government from which the jury could make such an inference were the following: That four people were seen running in an alley near the burglarized post office in Crawfordsville at approximately the time the burglary took place; that defendant Knudtson along with defendant Kness was identified as resembling the man seen in Crawfordsville by the three residents, as testified to by the witness Stodgill; that three other people were in the car at the time defendant Kness was issued a ticket in Iowa City, at about the time it would take the car to travel from Crawfordsville to Iowa City after the burglary; that the car was spotted in Cedar Rapids at approximately the time it would take the car to travel from Iowa City to Cedar Rapids, and when the car eventually stopped in Cedar Rapids, defendants Knudtson, Evans and Kness emerged therefrom; that the fruits of the crime were found in the trunk of the car in which Knudtson and Evans were riding, and nothing had been put in or removed from the trunk after the defendants left it; and that burglary tools, one of which an expert identified as positively having made marks found on the handle and combination of the post office safe, were found in the trunk.

The above facts provide ample evidence to support the connection of the defendants Evans and Knudtson to the burglary of the United States Post Office in Crawfordsville.

■ There is no merit to appellants' contention that the defendants were prejudiced by the joint trial. Rules 8(b) and 13, Federal Rules Criminal Procedure,[2] clearly permit the joinder of defendants.

In Golliher v. United States, 362 F.2d 594 (8th Cir. 1966), the court at page 603 said:

"Since the trial court is affirmatively empowered to order a joint trial, to be entitled to relief the appellants must affirmatively demonstrate that the joint trial has prejudiced their right to a fair trial. Fisher v. United States, 324 F.2d 775 (8 Cir. 1963)."

Appellants have not demonstrated that any evidence introduced in the trial would have been inadmissible in separate trials of each of the defendants. There is no showing that these two appellants did not receive a fair trial. The lower court did not abuse its discretion in ordering the joint trial of the appellants.

Judgment affirmed.

---

2. Rule 8(b): "Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Rule 13: "The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."