**UNITED STATES of America, Appellee,**

v.

**Douglas Harris CHRISTENSON, Appellant.**

**No. 76–1533.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1976.

Decided Feb. 1, 1977.

**54**

Robert G. Renner, U. S. Atty., Francis X. Herman, Asst. U. S. Atty., and Beverly Bryant, Intern, Minneapolis, Minn., filed brief for appellee.

Before GIBSON, Chief Judge, and HEANEY and HENLEY, Circuit Judges.

GIBSON, Chief Judge.

Defendant, Douglas Christenson, appeals from his conviction in a bench trial on three counts of violating 18 U.S.C. § 495 (1970) and one count of violating 18 U.S.C. § 1708 (1970). Christenson's § 495 violations stemmed from the forging of a United States Treasury check and a United States Savings Bond, and the uttering of the forged United States Treasury check. Christenson's possession of the United States Treasury check, which was stolen from the mail, comprised the § 1708 violation. Christenson was sentenced to a three-year concurrent term on each count.

The parties stipulated to the controlling facts in this case. The stipulation indicates that a United States Treasury check for $157.70, payable to Alynn Ackerson, was mailed to but never received by Ackerson. On August 7, 1975, Christenson presented Ackerson's Treasury check to a bank in Redwood Falls, Minnesota. The check had been endorsed over to "Ronald Schmidt" and Christenson represented to the bank teller that he was "Ronald Schmidt". At Christenson's request, the check was deposited in the savings account of "Ronald Schmidt" and a deposit entry was made in "Schmidt's" savings account passbook. This passbook was seized from the trunk of Christenson's automobile on August 8, 1975, in a search by law enforcement officials. The forged United States Savings Bond involved in this case was made payable to Charlotte Donelle Schmidt and Richard Schmidt. The Savings Bond was forged by Christenson with the name "Miss Charlotte Donelle Schmidt" and was recovered from Christenson's automobile during the search on August 8, 1975. After his arrest, Christenson confessed that he had forged the

Peter J. Thompson, Minneapolis, Minn., filed brief for appellant.

Treasury check and the Savings Bond. After reviewing the stipulated facts and Christenson's confessions, the District Court adjudged Christenson guilty on all counts.

Christenson contends that the search warrant authorizing law enforcement officials to search his residence and automobile on August 8, 1975, was not supported by probable cause. Therefore, it is argued, the fruits of the search should have been suppressed by the District Court and Christenson's confessions, which were allegedly tainted by the illegal search, should not have been admitted in evidence.

The search warrant was issued on August 8, 1975, by a Minnesota state judge pursuant to an affidavit submitted by Agent Donovan Jones of the Minnesota Bureau of Criminal Apprehension. The affidavit revealed that Agent Jones and a fellow law enforcement officer had been investigating a series of burglaries in Redwood Falls, Minnesota, and that a well-known burglar named Douglas Christenson was a suspect in a number of burglaries in the southwestern portion of Minnesota. The affiant stated that Christenson had checked into Donovan's Motel in Redwood Falls, Minnesota, on August 6, 1975. When Christenson checked out of the motel on August 7, 1975, it was discovered that a velvet bedspread and other items had been removed from his room. A Winnebago motorhome owned by a distributor of Passeport Jewelry had been parked near Christenson's room at Donovan's Motel and had been burglarized between 10:00 p.m. and 11:30 p.m. on August 6, 1975. Also, the affidavit recited that the Eagles Club of Redwood Falls had been burglarized between closing time on August 6, 1975, and the early morning hours of August 7, 1975. Approximately $2,800 was removed from the Eagles Club by the burglar. Finally, the affiant stated that Christenson's occupancy in an apartment in Minneapolis had been confirmed on July 23, 1975, and that Christenson was driving a black 1964 Ford Falcon with Minnesota license number CK 5302 when he registered at Donovan's Motel.

The state judge reviewed the information contained in Agent Jones' affidavit and issued the search warrant entitling officers to search Christenson's Minneapolis apartment and the designated 1964 Ford Falcon for the various items taken from Donovan's Motel, the Passeport Jewelry motorhome and the Eagles Club. When the officers executed the warrant of Christenson's apartment, nothing of substance was discovered. However, a search of the Ford Falcon disclosed numerous items, including the savings account passbook of "Ronald Schmidt" and the forged United States Savings Bond payable to Charlotte and Richard Schmidt.

We begin our analysis by noting that the search in this case was sanctioned by a state judge's issuance of a search warrant based upon a finding of probable cause. Courts have evinced a strong preference for searches based upon a warrant and have recognized that a search under a warrant might be sustained in some instances where a warrantless search supported only by a police officer's own assessment of probable cause might fail. *United States v. Ventresca,* 380 U.S. 102, 106, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *see Jones v. United States,* 362 U.S. 257, 270–71, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In accordance with this principle, the Supreme Court has fashioned some general rules to govern judicial scrutiny of search warrant affidavits.

[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants * * * must be tested and interpreted by * * * courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submit-

ting their evidence to a judicial officer before acting.

*United States v. Ventresca, supra* 380 U.S. at 108, 85 S.Ct. at 746.

■ A finding of probable cause by an issuing magistrate is to be accorded "great deference" by the courts, *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and, in doubtful or marginal cases, the resolution of the Fourth Amendment question should be determined to a large extent by the preference accorded to searches based upon warrants, *United States v. Ventresca, supra* 380 U.S. at 109, 85 S.Ct. 741. Mindful of these principles, we proceed to measure the sufficiency of the search warrant affidavit in the instant case.

■ The affidavit presented an adequate factual basis to support a finding of probable cause that Christenson had removed the identified items from his room at Donovan's Motel. He had checked into the room and, upon leaving, motel personnel ascertained that the items were missing. These circumstances amply established a probability that Christenson had taken these items from the premises.

■ The facts related by the affiant also established probable cause to believe that Christenson had burglarized the Winnebago motorhome of Passeport Jewelry. The motorhome was parked within a few feet of Christenson's room at Donovan's Motel and the burglary occurred during Christenson's short stay at the motel. The affidavit clearly disclosed that Christenson had engaged in other criminal activity during the evening as he had removed various items from his motel room. From these facts, the issuing judge could reasonably infer that probable cause existed to believe that Christenson had burglarized the motorhome while at Donovan's Motel.

■ The finding of probable cause that Christenson was involved in the Eagles Club burglary is more troublesome.[1] Standing alone, the mere fact that a burglary occurred while a suspected burglar was lodging in the general vicinity may not provide probable cause to believe that the suspected burglar committed the crime. However, viewing this affidavit as a whole, *see United States v. Ventresca, supra* at 111, 85 S.Ct. 741, we conclude that it sets out sufficient facts to support the issuing judge's finding of probable cause. The issuing judge was apprised of facts establishing a strong probability that Christenson had committed two burglaries during the evening of August 6, 1975, and the early morning of August 7, 1975. These two burglaries and the Eagles Club burglary were perpetrated within a period of a few hours and all occurred in the same vicinity. In cases where the existence or non-existence of probable cause presents a close question, the finding of probable cause by the issuing judge provides a substantial factor in upholding the validity of the search warrant. *United States v. Ramirez,* 279 F.2d 712, 716 (2d Cir.), *cert. denied,* 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960). "[P]robability, and not a prima facie showing, of criminal activity is the standard of probable cause * * *." *Spinelli v. United States, supra* at 419, 89 S.Ct. at 590. We find sufficient facts in the affidavit to support the issuing judge's finding of probable cause.

■ Reviewing the affidavit as a whole and giving due deference to the issuing judge's finding of probable cause, we conclude that the affidavit set forth sufficient facts to show a probability of Christenson's participation in the three thefts in Redwood Falls. However, Christenson contends that, even if there was probable cause to believe that he committed the crimes, there was no probable cause to believe that the contraband from the thefts would be concealed in

---

1. It is arguable that a finding of probable cause as to the Donovan's Motel and Passeport Jewelry motorhome thefts provides a sufficient constitutional basis for the search and that it is, therefore, not necessary to establish probable cause to believe Christenson committed the Eagles Club burglary. As we agree with the issuing judge's finding of probable cause as to the Eagles Club burglary, we express no view on the merits of such an argument.

the 1964 Ford Falcon, which was one of the areas the warrant authorized officers to search.[2]

The 1964 Ford Falcon was driven by Christenson to Donovan's Motel. Immediately after the burglaries, Christenson checked out of Donovan's Motel and left the area in the Ford Falcon. As there was probable cause to believe that Christenson committed the burglaries, it is reasonable to infer that he removed the stolen items from the Redwood Falls area by the only apparent means of transportation available to him and that the contraband would still be in the automobile the day following the burglaries. Therefore, there existed a justifiable nexus between the burglaries and the 1964 Ford Falcon, see *United States v. Evans*, 447 F.2d 129, 132 (8th Cir. 1971), *cert. denied*, 404 U.S. 1047, 92 S.Ct. 727, 30 L.Ed.2d 735 (1972), and the issuing judge properly concluded that there was probable cause to search the vehicle for the contraband.

According deference to the issuing judge's finding of probable cause, we conclude that the search warrant was valid in all respects. The District Court did not err in overruling Christenson's motion to suppress.[3]

It follows, therefore, that Christenson's confessions were not tainted by an illegal search, see *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), and,

being completely voluntary, were properly admitted.

The judgment of conviction is affirmed.

---

2. Christenson also contends that it was impermissible for the search warrant to authorize a search of his apartment in Minneapolis. The search of Christenson's apartment revealed only one insignificant item which was not offered in evidence at trial and was wholly unrelated to any issues raised in this prosecution. It was the subsequent automobile search which disclosed the evidence providing the basis for the instant prosecution. Little emphasis was placed on the alleged illegality of the apartment search in the District Court proceedings and the ruling on the motion to suppress by the court discussed only the items removed during the automobile search. Under the circumstances of this case, we do not deem it necessary to resolve the issue of whether the search of Christenson's apartment was permissible under the Fourth Amendment. The singular insignificant item discovered in the apartment search was not offered in evidence; thus,

"there is nothing upon which the exclusionary rule can operate." *Hasty v. Crouse*, 308 F.Supp. 590, 594 (D.Kan.1968), *aff'd*, 420 F.2d 1384 (10th Cir. 1970). There is no showing that this search tainted the subsequent, independent search of Christenson's automobile. Christenson's confessions were prompted, not by the apartment search, but by the discovery of contraband in the automobile. Accordingly, we do not consider Christenson's attack on the apartment search.

3. Christenson also contends that the affidavit contained "conclusory statements" and, thus, did not establish probable cause. Our preceding discussion on the probable cause issue forecloses this contention. The affidavit recited detailed facts that support a finding of probable cause. It did not embody mere conclusions of the affiant.