**UNITED STATES of America, Appellee,**

v.

**Arnold H. MIDTAUNE, Appellant.**

**No. 78–1562.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1978.

Decided Jan. 2, 1979.

Rehearing and Rehearing En Banc Denied Jan. 24, 1979.

John L. Weyland, Rogers & Weyland, Brooklyn Park, Minn., for appellant.

Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., on the brief.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

Defendant Arnold Midtaune appeals from a jury conviction on six counts of an indictment charging use of the mails in carrying out a scheme to defraud the Hennepin County Welfare Department and others of funds through the use of false claims for rent from welfare recipients (18 U.S.C. § 1341).[1] The principal issue on this appeal is whether a competent affidavit supported the government's application for a search warrant. We affirm.

Defendant Arnold Midtaune, d/b/a Midtaune Bros., owned and managed numerous apartment houses in Minneapolis, Minnesota. During the period involved Midtaune leased apartments to individuals who re-ceived rent supplements from the Hennepin County Welfare Department. Qualified individuals can receive rent supplements by showing that they live in Hennepin County. Proof of residence is made by producing a landlord form or shelter verification form signed by the landlord of that residence. The form shows that the claimant is living at a particular address, the amount of rent, what is included by way of utilities, the apartment number, and the name of the landlord. The information is verified by contacting the landlord. With the consent of the claimant, rent supplement checks are sent to the landlord.

The indictment charged and the evidence established that defendant Arnold Midtaune devised a scheme to defraud whereby rent supplement checks were mailed to Midtaune offices upon false representations that the claimants were living in apartments owned and operated by Midtaune when in fact the claimants lived elsewhere. The proceeds of the checks were split between defendant and the claimants for the rent supplements on an approximate one-third and two-thirds basis. The six counts upon which defendant was convicted involved the mailing of rent checks to Midtaune and their ultimate receipt by defendant. Sufficiency of the evidence to warrant conviction is not raised, so further reference to the evidence will be limited to the issues raised on appeal.

Defendant initially urges that the trial court erred in admitting evidence that was seized pursuant to a search warrant which was not supported by a competent affidavit. A search of the Midtaune Bros. office at 26 Oak Grove, Minneapolis, was conducted, and various books and records were seized. Some of these records were introduced in evidence by the government. The search warrant was issued by a United States Magistrate upon the affidavit for search warrant executed by Postal Inspector R. M. Haggard.[2]

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota, imposed fines totaling $6,000 and three years imprisonment on each of the six counts, all to run concurrently.

2. The inspector's affidavit is in part as follows:
   Your affiant has been advised by a reliable informant who has proven on numerous occasions to be reliable in the past that the owner of apartment buildings or residences

In reviewing the sufficiency of the affidavit, we first note that the search warrant was issued by United States Magistrate upon a finding of probable cause. "Courts have evinced a strong preference for searches based upon a warrant and have recognized that a search under a warrant might be sustained in some instances where a warrantless search supported only by a police officer's own assessment of probable cause might fail." *United States v. Christenson*, 549 F.2d 53, 55 (8th Cir. 1977); *see United States v. Brown*, 584 F.2d 252 (8th Cir. 1978).

█ It is also well established that affidavits for search warrants must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submit-

located at the addresses of 22 Oak Grove, 26 Oak Grove, 218 Oak Grove, 1901 Colfax Avenue South, 1802 Colfax Avenue South, 300 East 15th Street, 17 East 24th Street, and 3533 Second Avenue South, all located in Minneapolis, Minnesota, was fraudulently completing landlord statements for welfare claimants, which statements reflected that the claimant was residing or would be residing at the address shown on the statement. The reliable informant advised your affiant that in many instances the welfare claimant was not residing and never did reside at the address shown on the landlord statement but that the claimant and the owner completing the statement had an agreement that any welfare checks received for rent payment as a result of the fraudulent welfare claim would be divided between the claimant and the owner of the building.

Your affiant has received information from James Bergin, Investigator, Welfare Legal Services, Hennepin County Attorney's Office, Minneapolis, Minnesota, that Hennepin County Welfare records reflect that the above-listed addresses are owned and managed by the firm of Midtaune Brothers, Inc., with Arnold and Lowell Midtaune being the known owners of Midtaune Bros., Inc. Mr. Bergin advised your affiant that he has reviewed a number of welfare claims which reflect that Welfare General Assistance Benefits have been paid to claimants based on landlord statements signed by Arnold Midtaune with the subsequent payment checks being vendored directly to Midtaune Bros., Inc., and that the checks were sent by mail through the United States Postal Service. Mr. Bergin advised your affiant that he has visited the apartment building at 26 Oak Grove on several occasions in the past and has observed and reviewed business records relating to the rental of apartments to wel-

fare beneficiaries. Mr. Bergin stated those business records were maintained in a room on the first floor, which room is designated by a sign on the door that shows the word "office."

Daniel Dodge, Deputy U.S. Marshal, Minneapolis, Minnesota, advised your affiant that a confidential informant who has provided reliable information to him in the past received welfare benefits based on the fact she made a fraudulent claim for welfare benefits which reflected she resided at a certain address where he knew she did not reside. Your affiant has reviewed records of the Hennepin County Welfare Department which reflect that payments were made by that Department based on a claim that this informant was residing at an apartment located at 22 Oak Grove, Minneapolis, Minnesota, during the period of August, 1976, through January, 1977.

Raymond Cyrt, Special Investigator, U.S. Postal Inspection Service, Minneapolis, Minnesota, advised your affiant that incident to investigation of stolen and forged checks he has visited the office of Midtaune Bros., Inc., located at 26 Oak Grove, Minneapolis, Minnesota, on several occasions and has observed business records at that location relating to rental of apartments at buildings owned by Midtaune. Investigator Cyrt stated that on August 22, 1977, he visited the office at 26 Oak Grove, Minneapolis, Minnesota, and business records of the various offices were being maintained at that location. On that date he obtained from office personnel at 26 Oak Grove a copy of a rental agreement and a check addressed to an individual relating to an apartment located at 218 Oak Grove.

ting their evidence to a judicial officer before acting.

*United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

■ A finding of probable cause may be based on hearsay supplied by unnamed informants. *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Jones v. United States,* 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *Draper v. United States,* 358 U.S. 307, 311–13, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In *Aguilar* the Supreme Court laid down a two-pronged test: The affidavit for search warrant must disclose (1) the circumstances from which the magistrate can conclude the informant was credible and (2) the circumstances supporting the conclusion of defendant's connection with the criminal activity. Appellant concedes in his brief that the first prong as to credibility of the informants was met in the present affidavit. *See United States v. Graham,* 548 F.2d 1302, 1307 (8th Cir. 1977).

In *Spinelli v. United States,* 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969), the Supreme Court stated:

> In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.

■ The question is whether the tip of the unnamed informant (Informant No. 1), that the owner of designated apartment buildings was fraudulently completing landlord statements for welfare claimants and dividing the proceeds, was sufficiently detailed and corroborated to indicate its probable reliability. *United States v. Marihart,* 472 F.2d 809, 813 (8th Cir. 1972) (en banc); *see United States v. Cummings,* 507 F.2d 324 (8th Cir. 1974). The informant's state-

ment is corroborated by all other information contained in the affidavit. James Bergin corroborates that buildings at all the named addresses furnished by Informant No. 1 are owned by the same entity, Midtaune Bros., which is owned by Arnold Midtaune and Lowell Midtaune, and that county welfare records indicate benefits have been paid to claimants on landlord statements signed by Arnold Midtaune with subsequent rent checks sent through the mail to Midtaune Bros.

The deputy marshal's informant (Informant No. 2) corroborates information furnished by Informant No. 1. Informant No. 2 indicates that she has received welfare payments on a fraudulent claim which reflected she resided at an address where she did not reside.[3] Affiant states that welfare records disclose that rent payments were made based on a claim that Informant No. 2 was residing at 22 Oak Grove during the period August 1976 through January 1977. 22 Oak Grove is one of the addresses listed by Informant No. 1.

Without further discussion it can readily be seen that the affidavit[4] for search warrant was sufficiently detailed and that the unnamed informants' statements were sufficiently corroborated to indicate probable cause for issuance of the search warrant.

Although not raised below, appellant on appeal alleges that the last paragraph of the affidavit in support of the search warrant indicates that Special Investigator Raymond Cyrt conducted a warrantless search and seizure of records on August 22, 1977. Appellant further alleges that the statements contained in the affidavit attributable to Cyrt recklessly convey the impression that defendant Midtaune was under investigation for forgery and theft. These allegations are frivolous. A fair reading of the paragraph merely indicates that Cyrt had visited the offices at 26 Oak Grove incident to the investigation of stolen and forged checks and had observed business records at that location relating to

---

**3.** The statement being against penal interest has added credibility. *United States v. Graham, supra,* 548 F.2d at 1308.

**4.** *See* n.2 *supra.*

rental of apartments owned by Midtaune. On August 22, 1977, he obtained from office personnel a copy of a rental agreement and a check addressed to an individual relating to an apartment at 218 Oak Grove. There is nothing to indicate that Cyrt's investigation in any way involved defendant in criminal activity connected with stolen and forged checks. Obviously the Cyrt information is included as corroborative of the information furnished by Bergin as to the business location of Midtaune and the location of its books and records at 26 Oak Grove.

■ Finally, appellant urges that the court erred in denying his motion to dismiss on the ground that the indictment was too vague and ambiguous, thereby making it impossible for him to discern the nature of the offense with which he was charged. Appellant's contention is devoid of merit and requires little discussion. An indictment must set forth in factual terms the essential elements of the charge. It must sufficiently apprise the defendant of what he must be prepared to meet, and its generality must not endanger his constitutional guarantee against double jeopardy. *United States v. Brown*, 540 F.2d 364, 371 (8th Cir. 1976).

The essential elements of mail fraud under 18 U.S.C. § 1341 are (1) a scheme to defraud, (2) the use of the mails for the purpose of executing the scheme, and (3) intent to defraud. *Pereira v. United States*, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *United States v. Prionas*, 438 F.2d 1049, 1052 (8th Cir.), *cert. denied*, 402 U.S. 977, 91 S.Ct. 1683, 29 L.Ed.2d 144 (1971). Count I fully describes the scheme to defraud, and in the last paragraph it sets out the mailing in furtherance of the scheme, including the date. Subsequent counts incorporate all of Count I except the last paragraph and insert in lieu thereof a separate mailing. Defendant was adequately apprised of what he had to be prepared to meet and is fully protected under the double jeopardy clause.

Affirmed.