**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Marvin HOLT, Defendant-
Appellant.**

No. 73–1809
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1973.

Ralph E. Coleman, Birmingham, Ala.,
for defendant-appellant.

Wayman Sherrer, U. S. Atty., Albert
C. Bowen, Jr., Asst. U. S. Atty., Bir-
mingham, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief
Judge, DYER and SIMPSON, Circuit
Judges.

PER CURIAM:

The question here is whether the
trial court abused its rather broad dis-
cretion in denying Appellant's motion
for severance. Appellant contends that,
though initial joinder may have been
proper and in accord with F.R.Crim.P.
8(b),[1] the Government's use of certain
out-of-court admissions of his co-defend-
ant, who did not take the stand and
which tended to inculpate Appellant,
amounted to violation of his Sixth
Amendment right to confront the wit-
ness against him and should have com-
pelled severance pursuant to that discre-
tion vested in the Court under F.R.
Crim.P. 14.[2] We conclude that Bruton

---

* Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Company of
New York, et al., 5 Cir., 1970, 431 F.2d
409, Part I.

1. Rule 8(b) Federal Rulese of Criminal
Procedure Joinder of Defendants. Two or
more defendants may be charged in the
same indictment or information if they
are alleged to have participated in the
same act or transaction or in the same

series of acts or transactions constituting
an offense or offenses. Such defendants
may be charged in one or more counts
together or separately and all of the de-
fendants need not be charged in each
count.

2. Rule 14 Federal Rules of Criminal Pro-
cedure: If it appears that a defendant
or the government is prejudiced by a join-
der of offenses or of defendants in an

v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, supports the validity of Appellant's contention, and that, therefore, the judgment of the District Court must be reversed with directions to grant Appellant a new trial.

 The Government argues that, if in fact the prosecution's use of the inculpating statements are to be construed as error, it has to fall under F.R.Crim.P. 52(a) as harmless error since no substantial rights of Appellant were prejudiced. We cannot agree.

As this case developed, the defense counsel found himself in the unenviable position of having two clients, a father and a son, which conflicted.[3] At the trial the Government put on the stand Special Agent Starr of the FBI and Pauline Yates, the sister of Appellant's father. Both of these witnesses related damaging statements purportedly made by James Howard Holt, inculpating the Appellant, William Marvin Holt. Defense counsel could not place James Howard Holt on the stand to deny or explain away the statements as his record would subject both his son and him to being placed in a bad light before the jury. Neither could counsel attack the Defendant Howard Holt's veracity as he was representing him. Here the Court should have known that this hearsay evidence could not be combatted by open confrontation. Similarly to *Bruton,* the introduction of the co-defendant's statements "added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since [the co-defendant] did not

take the stand." Bruton v. United States, *supra,* 391 U.S. at 128, 88 S.Ct. at 1623, 20 L.Ed.2d at 480. Thus, under *Bruton, supra,* Appellant was denied his constitutional right to cross-examination, secured by the confrontation clause of the Sixth Amendment. Consequently, the judgment of the District Court must be reversed with directions to grant a new trial. Gray v. United States, 5 Cir., 1969, 407 F.2d 830.

Reversed and remanded.

---

indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial. As amended Feb. 28, 1966, eff. July 1, 1966.

3. Appellant William Marvin Holt had initially filed a motion for severance pursuant to F.R.Crim.P. 8(b), the ground being that his co-defendant father, James Howard Holt, had a criminal record and to require him to stand trial jointly with his father would prejudice his case if the record of his father was brought out. This motion was denied.