**UNITED STATES of America, Plaintiff,**

v.

**ARMCO STEEL CORPORATION et al., Defendants.**

No. 77–00094–CR–W–2.

United States District Court,
W. D. Missouri, W. D.

Oct. 12, 1977.

Robert E. Bloch, Eugene E. Gozdecki, Elizabeth R. Franciso, Antitrust Division, Dept. of Justice, Washington, D.C., for plaintiff.

William M. Stapleton of Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Milton C. Clarke of Swanson, Midgley, Gangwere, Thurlo & Clarke, Lawrence A. Rouse of Stinson, Mag, Thomson, McEvers & Fizzell, Paul Van Osdol, Jr. of Terrell, Van Osdol & Magruder, Wayne H. Hoecker, George R. Couglin, Dennis E. Egan of Gage & Tucker, Harry P. Thomson of Shughart, Thomson & Kilroy, Kansas City, Mo., for defendants.

### ORDER DENYING SEPARATE MOTIONS OF DEFENDANTS FOR SEVERANCE

COLLINSON, District Judge.

Three corporations and three officers of two of the corporations are charged jointly in the indictment in this case with entering into and engaging in a combination and conspiracy in violation of Section 1 of the Sherman Act. Two of the individual defendants have filed motions for a severance

under the provisions of Rule 14, Federal Rules of Criminal Procedure. That rule provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at trial. .

The Court will discuss each of the grounds urged by the defendants in support of their separate motions.

## I. *GENERALLY*

■■■ The granting or denial of a severance under Rule 14 is a matter within the trial court's discretion and reversal is appropriate only for abuse of that discretion. *Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); *Opper v. United States*, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). The burden of demonstrating prejudice is a difficult one, and the ruling of the trial court is rarely disturbed on review. *Tillman v. United States*, 406 F.2d 930, 934 (5th Cir. 1969), citing 8 Moore, *Federal Practice* ¶ 14.02[1] (2d ed. 1968); *United States v. DeSapio*, 435 F.2d 272 (2d Cir. 1970). The defendant must show more than the fact that a separate trial might offer him a better chance of acquittal.

The Eighth Circuit has stated:

> But in the absence of such a showing [real prejudice], persons charged in a conspiracy should be tried together, especially where proof of the charges against the defendants is based on the same evidence and the same acts.

*United States v. Hutchinson*, 488 F.2d 484, 492 (8th Cir. 1973).

## II. *DISPARITY OF THE EVIDENCE*

Both defendant Anderson and defendant Stockton argue that very little of the voluminous documentary evidence relates to them and that the gross imbalance demonstrates prejudice "at this point in time." The government argues that a disparity in the evidence between defendants does not automatically require severance because the primary inquiry must focus on the jury's ability to compartmentalize the evidence as it relates to each defendant. The government states that most of the documentary evidence relates to proof of interstate commerce and would have to be introduced whether there is one trial or six.

Defendants cite *United States v. Kirk*, 534 F.2d 1262 (8th Cir. 1976); *United States v. Rich*, 518 F.2d 980 (8th Cir. 1975); *United States v. Wilson*, 497 F.2d 602 (8th Cir. 1974); *United States v. DeVerse*, 464 F.2d 80 (8th Cir. 1972), *cert. den.* 409 U.S. 988, 93 S.Ct. 342, 34 L.Ed.2d 253 (1972); and *United States v. Cox*, 462 F.2d 1293 (8th Cir. 1972), *cert. den.* 417 U.S. 918, 94 S.Ct. 2623, 41 L.Ed.2d 223, *reh. den.* 419 U.S. 885, 95 S.Ct. 156, 42 L.Ed.2d 129 (1972). None of these cases are relevant to the argument they are cited for; in fact, *Kirk* affirmed denial of severance quoting the language from *United States v. Hutchinson, supra.*

In *Hanger v. United States*, 398 F.2d 91, 99–100 (8th Cir. 1968), *cert. den.* 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124, *reh. den.* 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1968), three individual defendants were jointly tried on charges of bank robbery and conspiracy to commit the robbery. Defendants argued that severance was warranted because not all evidence was admissible against all defendants. The court stated:

> The defendants were charged jointly in a substantive count and a conspiracy count. There has been no showing of prejudice. *Rizzo v. United States*, 304 F.2d 810, 818 (8th Cir. 1962) . . . states the applicable rule:
>
> > "The feature of certain evidence being evidence against one defendant but not against another defendant is usually

present in every joint trial. It is well settled that the fact that in a joint trial there will be evidence against one defendant that is not evidence against another defendant does not require separate trials . . . . [Citations omitted.]

\* \* \* \* \* \*

The Court carefully instructed the jury to consider each offense charged and the evidence introduced thereon separately as to each of the defendants. The surrounding circumstances and evidentiary situation were not unusual in the case, and the jury could reasonably be expected to follow the instruction. See *United States v. Hanlin*, 29 F.R.D. 481, 485–486 (W.D.Mo. 1962).

In *United States v. Graham*, 548 F.2d 1302, 1310–1311 (8th Cir. 1977), the court specifically dealt with the issue of a disparity in the evidence against jointly tried defendants. The court stated:

The record in this case portrays Marsha Binns as one of the moving forces behind the conspiracy and, therefore, the evidence against her may have been greater in a quantitative sense . . . The jury in this case was surely capable of compartmentalizing the evidence as it related to each defendant . . . and we think the District Court was able to keep separate in the juror's minds the participation in the conspiracy . . . .

The court also noted:

Even if we were to conclude that the evidence against Binns was somewhat more damaging than that against her co-defendants, this alone would provide no basis for granting a severance. *United States v. Somers*, 496 F.2d 723, 730 (3rd Cir.), cert. denied, 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 . . . (1974).

*United States v. Graham, supra*, at 1311, footnote 6. See also, *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971), cert. den. 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800 (1971).

■ Accordingly, severance is not warranted on the ground that a large portion of the extensive documentary evidence is not admissible, or may not be relevant, on the issue of the guilt of Anderson and Stockton.

## III. *CONFLICT OF INTEREST BETWEEN INDIVIDUAL AND CORPORATE DEFENDANTS*

Defendants argue that the inherent conflict of interest between them and the corporate defendants warrants severance. The argument is based on the fact that the corporations are exposed to civil antitrust suits based on the same allegations made in the instant case and that the resulting differences in trial strategy prejudices all defendants. They note that a civil suit has already been filed in the District of Kansas. The government argues that a mixed class of defendants does not warrant severance despite differences in trial tactics. It contends that even hostility in the form of trying to shift the blame among defendants is not enough for severance, because the test is still whether or not the jury can follow the Court's instructions. The government states that the fact that a civil suit has been filed is totally irrelevant to the severance issue and that it is no basis for finding a conflict of interest confusing enough to the jury to justify severance.

There are no Eighth Circuit cases directly on point. In *United States v. Turner*, 274 F.Supp. 412, 416 (E.D.Tenn.1967), the court stated:

Nor is hostility between defendants sufficient for a separate trial. The fact that one defendant wants to save himself at the expense of another is not conclusive upon the issue. The ultimate test is whether the jury can follow admonitory instructions of the Court and appraise independent evidence against each defendant solely upon the defendant's own acts, statements, and conduct.

In *United States v. Kahaner*, 203 F.Supp. 78, 81 (S.D.N.Y.1962), the court stated:

The fact that a declarant's statement contains incriminating references to his alleged co-conspirators is not sufficient in and of itself to require a separate trial;

nor is the fact that there is hostility between one or more defendants, or that one defendant may try to save himself at the expense of another, conclusive on the issue. More must be shown.

■ Accordingly, the fact that there may be a conflict of interest between the individual and corporate defendants is not enough to warrant severance. Further, defendants have not stated any facts demonstrating this conflict other than the reference to the civil suit filed in Kansas. In *Golliher v. United States*, 362 F.2d 594, 603 (8th Cir. 1966), the court stated:

Since the trial court is affirmatively empowered to order a joint trial, to be entitled to relief the appellants *must affirmatively demonstrate* that the joint trial has prejudiced their right to a fair trial. *Fisher v. United States*, 324 F.2d 775 (8th Cir. 1963). (Emphasis added.)

## IV. *THE BRUTON PROBLEM*

Defendant Anderson argues that if trial strategy dictates that one or more defendants not take the witness stand, and if the government uses any of their out-of-court statements against him, his rights under the Sixth Amendment will have been violated. The government calls this "a weak attempt to assert a *Bruton* problem," and states that the only out-of-court statement involved here is a memorandum of an interview with defendant Stockton. The government states that there is nothing incriminating to another defendant in the memorandum and that it doesn't intend to use the memo unless Stockton testifies, in which case there would be no *Bruton* problem since Stockton would be available for cross-examination.

In *United States v. Bruton*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the conviction was reversed because the Court found a "substantial risk" that the jury had based the conviction on an extrajudicial statement of a co-defendant. Since the declarant did not testify and was, therefore, unavailable for cross-examination on the out-of-court statement, the Court concluded that the defendant's rights under the Confrontation Clause of the Sixth Amendment had been violated.

■ The *Bruton* rule is applicable only to inadmissible hearsay. It does not apply to statements that would be admissible under one of the traditional exceptions to the hearsay rule, such as statements made by a co-conspirator in furtherance of the conspiracy. Also, the *Bruton* rule is subject to the "harmless error" rule. In *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), the Court held that *Bruton* violations will be deemed harmless if there is overwhelming untainted evidence to support the conviction.[1] Finally, under Rule 14, the Court can order the government to turn over Stockton's statement for an *in camera* inspection.

Defendant Anderson cites *United States v. Butler*, 494 F.2d 1246 (10th Cir. 1974). The case does not deal with *Bruton* although the conviction of one defendant was reversed. The court stated that severance should have been granted because there was a high probability that the jury had confused his guilt with that of his 22 co-defendants. This finding was based on the court's view that the government had attempted to merge what should have been three separate conspiracies into one. *Id.* at 1256–1257.

Defendant Anderson also cites *United States v. Holt*, 483 F.2d 76 (5th Cir. 1973). In *Holt*, two co-defendants were represented by one attorney even though their defenses were conflicting. The government put on a witness who related statements made by one defendant that incriminated the other. The declarant could not be called as a witness because he had a rather lengthy prior record. The attorney could not attack the declarant's veracity because he was representing him. The court stated:

---

1. The Eighth Circuit has accepted the "substantial risk" test of *Bruton* and the harmless error approach of *Harrington. United States v.* *Young*, 422 F.2d 302, 307–308 (8th Cir. 1970); *Tasby v. United States*, 451 F.2d 394, 398 (8th Cir. 1971).

Similarly to *Bruton*, the introduction of the co-defendant's statements "added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since [the co-defendant] did not take the stand" . . . Thus, under *Bruton, supra*, Appellant was denied his constitutional right to cross-examination, secured by the confrontation clause of the 6th Amendment.

The difference between *Holt* and the instant case lies in the use of the extrajudicial statements. The government states that Stockton's statements will only be used if he testifies. In *United States v. Fountain*, 449 F.2d 629, 632–633 (8th Cir. 1971), a co-defendant's confession implicated appellant Fountain. The co-defendant testified at trial. Fountain's motion to sever was denied. The court stated:

> In a comment on the *Bruton* rule, the Supreme Court, in *Nelson v. O'Neil*, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), said:
>
>> It was clear in *Bruton* that the *confrontation* guaranteed by the Sixth and Fourteenth Amendments is confrontation *at trial*—that is, that the absence of the defendant at the time the co-defendant allegedly made the out-of-court statement is immaterial, so long as the declarant can be cross-examined on the witness stand at trial.
>>
>> \* \* \* \* \* \*
>>
>> [W]here a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant was denied no rights protected by the Sixth and Fourteenth Amendments. [402 U.S. at \* \* \* [626–629], 91 S.Ct. at 1726–1727]
>
> Moreover, the discussion in *Nelson* makes it clear by reference to *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), that it is immaterial whether the codefendant taking the stand testifies favorable or unfavorably to the contentions of other defendants concerning the underlying facts.

Accordingly, we hold that Fountain does not demonstrate any error through the introduction of his codefendant's confession, when the codefendant has taken the witness stand. See also *United States v. Cale*, 418 F.2d 897 (6th Cir. 1969), cert. den. 397 U.S. 1015, 90 S.Ct. 1250, 25 L.Ed.2d 430 (1970).

■ In view of the foregoing, and assuming the government's use of the Stockton memo conforms with its position in opposing the motion to sever, there is no *Bruton* problem and severance is not warranted on that theory.

## V. *INABILITY TO COMMENT ON THE FAILURE OF A CO–DEFENDANT TO TESTIFY*

Defendant Anderson argues that his counsel will have a duty to comment on the failure of other defendants to take the witness stand if their defense turns out to be antagonistic to Anderson. In that event, defendant states that severance would be mandatory. The government argues that this "speculative allegation" is unsupported by any kind of factual showing. The government argues that even if the defenses are antagonistic, severance is not mandatory unless failure to allow such comment would be unduly prejudicial. The government states that although there is a constitutional right not to testify, there is no constitutional right to comment on the failure of a co-defendant to testify. Finally, the government states that the ability to comment on a co-defendant's failure to testify is of benefit only when it is one defendant's word against the other, a situation not present here.

■ Criminal defendants have a right to be free from comment on their failure to testify, regardless of who is making the comment. *DeLuna v. United States*, 308 F.2d 140, 141 (5th Cir. 1962). The issue is whether the Court's failure to allow such comment is so prejudicial in terms of Rule 14 as to warrant severance.

Defendant Anderson cites *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965). That case dealt with the inability of a co-defendant to force the other defendant to testify; it does not deal with the issue of commenting on the failure of the other defendant to testify. Defendant also cites *Gurleski v. United States*, 405 F.2d 253 (5th Cir. 1968), *cert. den. Smith v. United States*, 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765 . . . and 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769, *reh. den.* 398 U.S. 869, 90 S.Ct. 37, 24 L.Ed.2d 124 (1968). In that conspiracy case, the court made a pretrial order to the effect that testifying defendants would not be allowed to comment upon the failure to testify by other defendants. Appellant contended that this was prejudicial and severance should have been granted because his defense was antagonistic to that of the other defendants in that they were trying to shift the blame to him. The court held that denial of severance was not error because the defenses were not really conflicting and that the defendants had put on a highly coordinated defense.

In *United States v. Kahn*, 381 F.2d 824, 841 (7th Cir. 1967), *cert. den.* 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), three defendants were jointly tried for conspiracy to misapply bank funds. On appeal, two of the defendants alleged prejudice because of their inability to comment on Kahn's failure to testify. The court noted that although their defenses were inconsistent with Kahn's, they were not mutually exclusive, *i.e.*, it was not one defendant's word against the others' word. That being so, the court stated:

> While we dislike the necessity of weighing the benefit which might accrue to a defendant by his counsel's comment on a co-defendant's refusal to testify, we are not convinced that Sachs and Curran suffered any prejudice from their inability to do so.

The Eighth Circuit has accepted the distinction between defenses that are merely inconsistent and those that are mutually exclusive; that is, belief of one defendant's story requires his acquittal and the other's conviction. The issue requires a case-by-case approach. In *Hayes v. United States*, 329 F.2d 209 (8th Cir. 1964), *cert. den.* 377 U.S. 980, 84 S.Ct. 1883, 12 L.Ed.2d 748 (1964), the court stated:

> The charges against the five defendants were submitted to a jury. Bennett, Roy Williams and Rogers took the witness stand. Defendants Hayes and Clevenger did not. Bennett's testimony is to the effect that he committed no wrongful acts. *We do not here have a situation where Bennett or any of the testifying defendants pinned any criminal acts upon non-testifying defendants.* Here, . . . Bennett did not place the sole blame for the wrongful acts charged upon a co-defendant. Bennett made no charges against Hayes or Clevenger with respect to any issue material to his defense. Under such circumstances, it is *difficult to perceive any benefit that might flow to Bennett by permitting him to call the attention of the jury to the fact that some of his co-defendants did not testify.*

A trial judge has a large responsibility in assuring a fair trial to all parties. The burden of this responsibility is greatly increased in a mass trial where conflicting rights of defendants may arise. Permitting comment upon the failure of a defendant to testify constitutes prejudicial error as to the non-testifying defendant. On the other hand, where defendant is tried separately, his counsel has the right to make fair comment upon the fact that his testimony has not been denied or contradicted. The jury is entitled to consider lack of evidence as well as evidence in reaching its determination.

The problem here presented requires the weighing of the rights of the testifying and non-testifying defendants and the preservation of the constitutional right to a fair trial guaranteed to each defendant. Upon the facts of this case, our finding of no prejudice requires affirmance upon this issue. We limit our decision strictly to the precise facts of this particular case. (Emphasis added.)

■ At this point in the instant case, it is impossible to determine whether defendant Anderson's defenses will be mutually exclusive of the other defendants' defenses. There has been no "affirmative showing" that this would be the case. *Golliher v. United States, supra.* Accordingly, the motion to sever on this theory will be denied *at this time.*

## VI. *NECESSITY OF CALLING CO-DEFENDANT AS WITNESS*

■ Defendant Stockton contends that severance is necessary because he may need to call defendant Anderson as a witness on his behalf. The government states that this is speculation at best and that since defendant has not provided any assurance that Anderson's testimony would be exculpatory, severance is not warranted.

In *United States v. Kahn*, 381 F.2d 824, 841 (7th Cir. 1967), the court responded to similar arguments by stating:

As with the right to comment on the silence of a codefendant, there is no absolute requirement for a severance when defendants suggest that the testimony of a codefendant is not available to them unless they are tried separately. The unsupported possibility that such testimony might be forthcoming does not make the denial of a motion for severance erroneous. *United States v. Kahn*, 2 Cir., 366 F.2d 259, 263–264 (1966), cert. den. 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226 (1966); *Olmstead v. United States*, 9 Cir., 19 F.2d 842, 847–848 (1927), aff'd 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928).

In *Byrd v. Wainwright,* 428 F.2d 1017, 1019–1020 (5th Cir. 1970), the court suggested five areas of inquiry in dealing with this argument. (1) Does the movant really intend to have the codefendant testify? (2) Will the testimony be exculpatory, and if so, how much so? (3) What is the likelihood that the codefendant will testify if severance is granted? (4) What are the demands of effective judicial administration? (5) How great is the probability that the codefendant will plead guilty immediately prior to trial to the prejudice of the movant?

The Eighth Circuit has accepted the *Byrd* analysis. In *United States v. Graham*, 548 F.2d 1302, 1311–1312 (8th Cir. 1977), the court stated:

A defendant is not entitled to severance on the weight of an unsupported possibility that a co-defendant's testimony might be forthcoming at a separate trial . . . A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record . . . The representation that these defendants might testify at a separate trial is based on nothing more than pure speculation and wishful thinking. See *Byrd v. Wainwright*, 428 F.2d 1017, 1022 (5th Cir. 1970).

The Court also noted that "[A]n additional basis for overruling the severance motions of these defendants is that none of them has shown that his or her co-defendants would offer exculpatory testimony if the co-defendants did testify at a separate trial." *United States v. Graham, supra,* at 1311, footnote 9. See also, *United States v. Fassoulis*, 49 F.R.D. 43, 45 (S.D.N.Y.1969); *United States v. King*, 49 F.R.D. 51, 53 (S.D.N.Y.1970).

Defendant Stockton has made no showing that Anderson would in fact be called to testify at a separate trial. There has been no showing that his testimony would be exculpatory or that Anderson would be willing to testify at a separate trial. Accordingly, his assertions do not outweigh the burden of having to try this case more than once and his motion for severance on this theory will be denied *at this time.*

## VII. *JURY CONFUSION*

Both defendant Anderson and defendant Stockton argue that it will be impossible for the jury to keep the evidence on each defendant separate and, therefore, severance is necessary to avoid prejudice. The government contends that the evidence is predominantly common to all defendants and will be presented by the same witnesses. The government contends that the fact that some of the evidence has limited admissibility is not significant and that de-

fendants have not factually specified what it is that will confuse the jury (in view of the fact that this case involves "a simple one count indictment").

■ The issue, of course, is whether it is within the capacity of the jury to follow the Court's instructions. The government is correct in its statement that the fact that some evidence has limited admissibility does not mandate severance. See, *Hanger v. United States, supra; Costello v. United States,* 358 U.S. 830, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958). In *United States v. Hanlin,* 29 F.R.D. 481, 485 (W.D.Mo.1962), the court refused severance in a joint trial of a 28-count indictment charging mail fraud and conspiracy. The court stated:

> These defendants contend that the jury would be unable to distinguish and relate the proper evidence to the proper defendant even though the Court could instruct them as to this . . .
>
> It is within the sound discretion of the Court to order or not to order a severance. There is no merit in the argument that a jury will disregard the instructions of the Court in considering the evidence. *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101.

Defendants cite *United States v. Sanders,* 266 F.Supp. 615 (D.C.La.1967), and *United States v. Turner,* 274 F.Supp. 412 (D.C. Tenn.1967). Both of these cases involved problems with multiple counts and not multiple defendants. This is also true with respect to *United States v. Gaston,* 37 F.R.D. 476 (D.C.D.C.1965), cited by defendant Stockton. Defendants also cite *United States v. Kahn,* 381 F.2d 824, 7 Cir., *cert. den.* 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661, and *Sachs v. United States,* 389 U.S. 1015, 88 S.Ct. 592, 19 L.Ed.2d 661. The Seventh Circuit affirmed the denial of severance and stated (at 839):

> These are the risks of a conspiracy trial before a jury, risks tempered by the assumption of the jury system that jurors understand and follow instructions on the law. As always, however, the theoretical issue must be examined in the glare of fact. The question which must be asked

in the particular case is whether the possibilities of danger to a fair trial have become realities of prejudice in the jury. . . . Not having found nor having been shown the clear likelihood of confusion in the juror's minds so great as to prejudice the defendants, we hold the trial court did not abuse its discretion in refusing to grant a severance.

In *United States v. Kenny,* 462 F.2d 1205, 1208 (3d Cir. 1972), eight defendants were jointly tried on 29 counts of a 34-count indictment charging extortion and conspiracy. Denial of severance was affirmed in the absence of a factual showing of real prejudice. The court stated:

> The prospect that certain evidence will be admissible against one defendant but not against another is a feature of all joint trials . . . and Rule 14 commits to the sound discretion of the trial court the balancing of the inconvenience to the Government and the judicial process of numerous separate trials against the inconvenience to the defendants of seeking appropriate limiting instructions.

■ In short, the defendants in the instant case have not made the "affirmative showing of prejudice" on this issue as required by *Golliher v. United States,* 362 F.2d 594, 603 (8th Cir. 1966). All they have cited are the complexities of antitrust law. Accordingly, the motion to sever will be denied on this ground, at this time.

## VIII. *CONCLUSION*

■ Each of the motions for severance will be denied at this time. Of course, if an unforeseen prejudice to any defendant arises from the failure to grant these motions, this Court will follow the mandate of the United States Supreme Court in *Schaffer v. United States,* 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1955), in which the Court stated:

> We do emphasize, however, that, in such a situation, the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear.

It is therefore

ORDERED that the separate motions of the defendants Anderson and Stockton for a severance be, and they are hereby, denied.