UNITED STATES of America, Appellee,

v.

**David Allen STARR, Appellant.**

No. 78–1222.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1978.

Decided Aug. 3, 1978.

Rehearing Denied Oct. 6, 1978.

---

Donald A. Wine, Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, argued and on brief, for appellant.

John M. Fitzgibbons, Asst. U. S. Atty., Des Moines, Iowa (argued), and Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before STEPHENSON, Circuit Judge, INGRAHAM,* Senior Circuit Judge, and HENLEY, Circuit Judge.

STEPHENSON, Circuit Judge.

David Allen Starr appeals his jury conviction on one count[1] of conspiracy (alleged under 21 U.S.C. § 846) to distribute methylenedioxyamphetamine sulfate (MDA), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[2] Starr contends (1) that the indictment failed to allege an essential element of the offense charged and was therefore defective, and (2) the district court abused its discretion in denying Starr's motion for severance. We reverse in part and remand.

On November 30, 1977, the grand jury returned an indictment against appellant Starr, Richard Kent Lindenmayer, James Anthony Conwell and Michael Robert Broders. On January 31, 1978, a superseding indictment was returned against appellant Starr and the three others. Count I of the indictment, which charged a conspiracy to violate 21 U.S.C. § 841(a), in violation of 21 U.S.C. § 846, stated:

> From on or about the 13th day of December, 1976, and continuously thereafter up to and including the 20th day of February, 1977, in the Southern District of Iowa, and elsewhere, defendants RICHARD KENT LINDENMAYER, DAVID ALLEN STARR, JAMES ANTHONY CONWELL, and MICHAEL ROBERT BRODERS, willfully and knowingly did combine, conspire and agree together and with Harriet Burr and Michelle Kay Todd, named as co-conspirators but not as defendants herein, and with other persons to the Grand Jury unknown, to distribute and possess with intent to distribute methylenedioxyamphetamine sulfate (MDA), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Section 841(b)(1)(B).

Starr contends that knowledge or intent are essential elements of a substantive violation under 21 U.S.C. § 841(a). Count I, which charged a conspiracy to violate section 841(a), failed to charge that defendant knowingly and intentionally distributed MDA or possessed MDA with intent to dis-

---

* The Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. Starr was found not guilty on a second count of the indictment alleging a conspiracy to use telephones and telegraphs to facilitate the distribution of MDA.

2. The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa, presiding, imposed a six month sentence and a special parole term of two years.

tribute, an essential element of the substantive offense which was the object of the conspiracy. Therefore, according to Starr, Count I failed to set forth an essential element of the offense charged.

Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974), the Supreme Court stated "that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." In light of the Court's statement in *Hamling*, this circuit has held that an indictment, returned under 18 U.S.C. § 111, which omitted the word "forcibly," was insufficient. *United States v. Camp*, 541 F.2d 737 (8th Cir. 1976). Thus, if Count I had merely alleged a substantive offense under 21 U.S.C. § 841(a), we would be constrained to agree with appellant Starr's contention.

In the instant case, however, there is an added factor—the count charges a conspiracy. In *Wong Tai v. United States*, 273 U.S. 77, 81, 47 S.Ct. 300, 301, 71 L.Ed. 545 (1927), the Supreme Court stated "that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy * * or to state such object with the detail which would be required in an indictment for committing the substantive offense * * *."

Various circuits have relied upon *Wong Tai* to hold that even when a conspiracy indictment fails to allege an essential element of the substantive offense which is the object of the conspiracy, the indictment is valid. *See United States v. Pheaster*, 544 F.2d 353, 359–63 (9th Cir. 1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977); *United States v. Fischetti*, 450 F.2d 34, 40 (5th Cir. 1971), *cert. denied*, 405 U.S. 1016, 92 S.Ct. 1290, 31 L.Ed.2d 478 (1972); *United States v. Mixon*, 374 F.2d 20, 21–22 (6th Cir. 1967). *Accord, United States v. Mendoza*, 473 F.2d 692, 694–95 (5th Cir. 1972). Two circuit courts have held that the omission of an element of the substantive offense which is the object of the conspiracy renders the indictment invalid. *Nelson v. United States*, 406 F.2d 1136 (10th Cir. 1969); *United States v. Calhoun*, 257 F.2d 673, 680–81 (7th Cir. 1958).

This court has recently held that an indictment charging a conspiracy to violate 21 U.S.C. § 841(a) (in violation of 21 U.S.C. § 846) which omits the word "knowledge," is still a sufficient allegation to serve as fair notice to a defendant. *United States v. Wallace*, 578 F.2d 735 (8th Cir. 1978). As was true in *Wallace*, the defendant here was on clear notice that he was charged with a conspiracy, illegal under 21 U.S.C. § 846, to violate 21 U.S.C. § 841(a). *Compare Nelson v. United States, supra*, 406 F.2d at 1136–37 (the charge was brought under the general conspiracy statute). We note, as the court in *Wallace* similarly noted, that the draftsmanship of the instant indictment is not a paragon for future indictments. However, in light of our holding in *Wallace*, and *Wong Tai* and its progeny, *United States v. Pheaster, supra, United States v. Fischetti, supra*, and *United States v. Mixon, supra*, concerning the omission of the element of knowledge, we agree with the district court that the omission of the words "knowingly or intentionally" in the instant case is not fatal error.[3] *Compare Fulbright v. United States*, 91 F.2d 210 (8th Cir. 1937) (this court held that where the indictment did not charge and the proof did not show an essential element of the substantive charge the conviction must be reversed).

---

3. The district court properly instructed the jury as to the essential elements of the count in question.

■ Appellant Starr secondly contends that the district court's denial of his motion to sever was an abuse of the trial court's discretion. *See United States v. Graham,* 548 F.2d 1302, 1310–11 (8th Cir. 1977); *Byrd v. Wainwright,* 428 F.2d 1017 (5th Cir. 1970); *United States v. Echeles,* 352 F.2d 892 (7th Cir. 1965).

The district court may grant a severance of defendants under Rule 14 of the Federal Rules of Criminal Procedure if it appears that a defendant is prejudiced by a joinder of defendants for trial together. *See United States v. Weir,* 575 F.2d 668 at 672 (8th Cir. 1978). As this court recently stated:

It is settled in this circuit that a motion for relief from an allegedly prejudicial joinder of charges or defendants raises a question that is addressed to the judicial discretion of the trial court, and this court will not reverse in the absence of a clear showing of abuse of discretion. *United States v. Losing,* 560 F.2d 906, 911 (8th Cir. 1977); *United States v. Jackson,* 549 F.2d 517, 523 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977); *United States v. Graham,* 548 F.2d 1302, 1311–12 (8th Cir. 1977); *United States v. Johnson,* 540 F.2d 954, 959 (8th Cir. 1976), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 647, 50 L.Ed.2d 628 (1976). And in showing an abuse of discretion in this area a defendant shoulders a "heavy burden." *United States v. Graham, supra,* 548 F.2d at 1311; *see also Williams v. United States,* 416 F.2d 1064, 1070 (8th Cir. 1969).

Another relevant principle is that persons charged with having been involved in a single conspiracy should ordinarily be tried together. *United States v. Losing, United States v. Jackson,* and *United States v. Graham, all supra.*

*United States v. Rochon,* 575 F.2d 191 at 197 (8th Cir. 1978). *See United States v. Smith,* 578 F.2d 1227 at 1235–1236 (8th Cir. 1978). Nevertheless, however desirable a single joint trial may be from the point of view of efficient and expeditious criminal adjudication, a joint trial may not be had at the expense of a defendant's right to a fundamentally fair trial. *United States v. Echeles, supra,* 352 F.2d at 896. Severance should be granted if there is a showing of real prejudice to a defendant. *United States v. Graham, supra,* 548 F.2d at 1310.

In the instant case one of Starr's codefendants, Richard Lindenmayer, testified before the grand jury on February 23, 1977, that he had obtained a pound of MDA from Starr in Moline, Illinois, on approximately the 19th of February 1977. Lindenmayer also testified as to numerous previous narcotics transactions between him and Starr, including one occasion where they transported MDA from Iowa to Colorado. On March 22, 1977, Lindenmayer testified again before the grand jury where the following colloquy between the Assistant United States Attorney and Lindenmayer took place:

Q. Mr. Lindenmayer, do you recall testifying before the Grand Jury approximately one month ago?

A. Yes, I do.

Q. That would have been on February 23, 1977, is that correct?

A. Yes, I believe so.

Q. Your discussion and your testimony before the Grand Jury dealt with certain alleged narcotics transactions involving an individual by the name of Mr. Starr, and another individual by the name of Mr. Broders; and certain interstate movements between the State of Iowa and the State of Colorado, is that correct?

A. Yes.

Q. Now, it is my understanding at this time that some of the testimony which you gave to the Grand Jury the last time was not truthful.

A. Right.

\*      \*      \*      \*      \*      \*

Q. What area of your testimony was not truthful?

A. Well, the part about Mr. Starr. He wasn't really involved in it. I had a reason and a purpose behind it for not saying so at the time.

Q. Now, your previous testimony indicated that you had purchased some MDA form of narcotics from Mr. Starr, is that correct?

A. Yes, sir, it was.

Q. You are now telling the Grand Jury that was not the truth, and you did not purchase the MDA from Mr. Starr, is that correct?

A. Yes.

Q. Who did you purchase this MDA from?

A. Michael Broders.

\* \* \* \* \* \*

Q. Now, so your testimony previously that you purchased the MDA from Mr. Starr is incorrect?

A. Right.

Q. It's your testimony now that you received the MDA from Mr. Broders?

A. Right.

On January 30, 1978, appellant Starr, in a pretrial motion, requested the district court to sever his trial. This motion was based on the fact that during the omnibus hearing the government had indicated it would introduce the February 23, 1977, grand jury testimony of codefendant Lindenmayer during the course of the trial. Starr contended in his motion for severance that Lindenmayer had exonerated Starr in other grand jury testimony and that the introduction of Lindenmayer's grand jury testimony would deny Starr his right of cross-examination. Following Starr's motion for severance and the return of a superseding indictment by the grand jury, the government, on February 2, 1978, requested the district court to overrule the motion for severance as moot for the reason that the government did not intend to introduce the grand jury testimony of codefendant Lindenmayer.

On February 6, 1978, before the selection of the jury, appellant Starr asked the district court for severance on the grounds that (1) the indictment was partially obtained on perjured testimony, including testimony obtained from Lindenmayer prior to his exonerating Starr before the grand jury on March 22, 1977; (2) the superseding indictment absolved Starr of any implication in the sale of a pound of MDA; and (3) Starr was being prejudiced by being tried with other codefendants who may have used telephones or other interstate equipment in the distribution of drugs. Starr's motion was overruled.

The record further reflects that following the close of the government's case, appellant Starr renewed all his pretrial motions including the motion for severance. It was Starr's contention at this point that were it not for the fact that Starr and the other defendants were being tried together, Starr would have had the option of calling Lindenmayer regarding his testimony to the grand jury exonerating Starr. This motion was also overruled.

In this circuit, it is not reversible error to deny severance requested on the ground that a defendant wants to call a codefendant as a witness, unless the defendant shows that the codefendant is likely to testify at a separate trial and the testimony would exculpate him. *See United States v. Wofford,* 562 F.2d 582, 586 (8th Cir. 1977); *United States v. Graham, supra,* 548 F.2d at 1311 & n. 9. Both of these requirements are satisfied in the present case. The fact that Lindenmayer was willing to exculpate Starr before the grand jury in sworn testimony demonstrates that it was at least likely that he would do the same in Starr's trial if he were not being tried in the same proceeding. It was not necessary for Starr to prove to a certainty that Lindenmayer would be available and willing to testify in a separate trial. *See United States v. Echeles, supra,* 352 F.2d at 898.

On the second requirement the Assistant United States Attorney now argues that Lindenmayer's grand jury testimony on March 22, 1977, exonerating Starr, was limited to the one pound transaction of February 19, 1977, and that the superseding indictment did not name Starr in connection with overt acts in furtherance of that transaction. Although the Assistant United States Attorney may have intended his questioning to be so limited, a fair reading of the questions asked Lindenmayer and his

responses before the grand jury does not indicate that they were confined only to the one pound transaction. On the contrary, the questions and answers broadly state that Starr was not involved in narcotics transactions with Lindenmayer. See page 238, *supra*. On the record before us we are unable to say that if Lindenmayer testified at Starr's trial he would limit his testimony absolving Starr to the one pound transaction. On the basis of this record we conclude that Starr suffered real prejudice warranting a new trial separate from Lindenmayer.

We hold the superseding indictment on which appellant was tried is not defective but reverse and remand for new trial because of failure to grant appellant's motion for severance.

Reversed in part and remanded.