UNITED STATES of America, Plaintiff,

v.

John Thaddeus RIZZO, Gary Eugene Shubert, Eugene Vincent White, Defendants.

No. 79–00122–01/03–CR–W–5.

United States District Court,
W. D. Missouri, W. D.

Feb. 7, 1980.

Edward D. Holmes, Strike Force Atty., Kansas City, Mo., for plaintiff.

Charles A. Gallipeau, Kansas City, Mo., for defendant Rizzo.

Robert G. Duncan, Kansas City, Mo., for defendant Shubert.

Gary L. Argo, Kansas City, Mo., for defendant White.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

In an indictment handed down by the grand jury on September 20, 1979, the defendants in the above-captioned cause were charged with fourteen counts of mail fraud in violation of 18 U.S.C. § 1341. Pursuant to Fed.R.Crim.P. 14, the defendants have filed a joint motion for relief from prejudicial joinder and seek an order of the Court granting them a severance and separate trials. Defendants cite the following grounds in support of their motion: (1) certain individual statements made by one or more defendants may be introduced in evidence and thereby prejudice the other defendants; (2) a defendant may suffer prejudice because evidence which is inadmissible against him is nonetheless admissible against a co-defendant; (3) the culpability and strength of the evidence against each defendant varies, and a joint trial may, therefore, work to the prejudice of one or more of the defendants; (4) a defendant called to testify on behalf of another defendant may refuse to testify on Fifth Amendment grounds; and (5) a joint trial will deny each defendant due process of law and the right to a fair and impartial jury.

■ A joint trial of these three defendants would clearly be improper if it was likely to deprive them of their right to a fundamentally fair trial. *United States v. Starr*, 584 F.2d 235, 238 (8th Cir. 1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1019, 59 L.Ed.2d 73 (1979). It is for this reason that Rule 14 of the Federal Rules of Criminal Procedure authorizes a trial court to grant a severance and order separate trials if it appears that an individual defendant would be prejudiced by a joint trial. Whether a severance should be granted, however, is a matter left to the judicial discretion of the trial judge, and his decision will not be reversed absent a clear showing of abuse of discretion. *United States v. Rochon*, 575 F.2d 191, 197 (8th Cir.), *cert. denied*, 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978); *United States v. Jardan*, 552 F.2d 216, 219 (8th Cir.), *cert. denied*, 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977); *United States v. Jackson*, 549 F.2d 517, 523 (8th Cir.), *cert. denied*, 431 U.S. 923, 97 S.Ct. 2195, 53 L.Ed.2d 236 (1977).

■ The existence of prejudice in a particular case depends primarily upon the facts and circumstances of that case. *Williams v. United States*, 416 F.2d 1064, 1070 (8th Cir. 1969). However, in assessing the potential for actual prejudice in a joint trial, the Eighth Circuit has held that if the evidence indicates that certain defendants committed a crime in concert, it is generally proper to try them in concert. *Golliher v. United States*, 362 F.2d 594, 603 (8th Cir. 1966). Thus, the burden is upon the defendants to make a strong showing of prejudice which will entitle them to Rule 14 relief. It is not enough for the defendants merely to allege that their chances for acquittal would be better if they are tried separately. They must affirmatively demonstrate that a joint trial prejudices their right to a fair trial. *See United States v. Knife*, 592 F.2d 472, 480 (8th Cir. 1979); *United States v. Smith*, 578 F.2d 1227, 1236 (8th Cir. 1978); *United States v. Evans*, 447 F.2d 129, 133 (8th Cir. 1971), *cert. denied*, 404 U.S. 1047, 92 S.Ct. 727, 30 L.Ed.2d 735 (1972).

■ In the present case the Court is not persuaded that any of these defendants will be prejudiced by a joint trial. The reasons advanced by the defendants as supporting their claim of actual prejudice consist of nothing more than conclusory assertions. For example, the defendants claim that they may suffer prejudice because certain statements made by one or more of them may be used in evidence against all of them. But the Court has not been informed, even generally, of the nature of the statements to which the defendants refer. There has been no showing that these statements constitute confessions or inculpatory statements, and, thus, there apparently are no *Bruton*-type problems involved in this case. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

█ The defendants also allege that they may be prejudiced by evidence introduced at their joint trial which is inadmissible as to some defendants, but which is relevant and admissible with respect to a co-defendant. This argument also lacks merit. It is well-established in this circuit that "the fact that evidence may be admissible as to one defendant but not as to another does not alone require that the defendants be given separate trials." *United States v. Knife*, 592 F.2d 472, 480 (8th Cir. 1979). *Accord, Caton v. United States*, 407 F.2d 367, 372 (8th Cir.), *cert. denied*, 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969).

█ The defendants further contend that they will be prejudiced by a joint trial because the weight of the evidence against them varies with each defendant. A similar argument was made in *United States v. Graham*, 548 F.2d 1302 (8th Cir. 1977). In that case three defendants argued that the evidence against a fourth defendant was so great it had the effect of "spilling over" onto them, and provided the jury with an impermissible basis for convicting each of them. The Eighth Circuit rejected this argument, holding that while the evidence against the fourth defendant may have been quantitatively greater, there was no indication that the evidence against that defendant was qualitatively more damaging than the evidence against the other defendants. Moreover, the court stated that "[e]ven if we were to conclude that the evidence against Binns was somewhat more damaging than that against her co-defendants, this alone would provide no basis for granting a severance." *Id.* at 1311 n. 6. *Accord, United States v. Knife*, 592 F.2d 472, 480 (8th Cir. 1979).

The *Graham* court also recognized an alternative basis for rejecting the defendants' claim that they were prejudiced because the weight of the evidence against each of them was unequal. The court noted that the trial judge had carefully instructed the jury that it should weigh the evidence against each defendant individually and that any evidence admitted solely against one defendant should not be considered in deter-

mining the guilt or innocence of the other defendants. In view of these instructions, the court found that the jury "was surely capable of compartmentalizing the evidence as it related to each defendant . . . ." *Id.* at 1311.

The Court finds the rationale of the *Graham* case controlling in the case at bar. At this stage in the proceeding the Court obviously has no way of knowing whether the evidence supporting the Government's case against one defendant is far greater than its evidence against the other defendants. Hence, the defendants' allegation of prejudice resulting from a joint trial is merely conjectural at this point. Furthermore, even assuming that the evidence against one defendant is overwhelming in comparison with the evidence against the other defendants, it is doubtful that this alone would justify granting these defendants separate trials. *See United States v. Graham*, 548 F.2d at 1311 n. 6; *United States v. Knife*, 592 F.2d 472, 480 (8th Cir. 1979); *United States v. Armco Steel Corp.*, 438 F.Supp. 847, 850 (W.D.Mo.1977). Moreover, any potential prejudice emanating from the disparity in the evidence against each defendant can be obviated through the giving of appropriate cautionary instructions. *United States v. Smith*, 578 F.2d 1227, 1236 (8th Cir. 1978); *Haggard v. United States*, 369 F.2d 968, 975 (8th Cir. 1966), *cert. denied*, 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967); *Golliher v. United States*, 362 F.2d 594, 603 (8th Cir. 1966).

█ The defendants additionally assert that a joint trial may work to their prejudice if one defendant is asked to testify on behalf of another defendant. Defendants speculate that the defendant called to testify will invoke his Fifth Amendment privilege against self-incrimination and refuse to testify. A severance is not warranted on this ground, however, "unless the defendant shows that the co-defendant is likely to testify at a separate trial and the testimony would exculpate him." *United States v. Starr*, 584 F.2d 235, 239 (8th Cir. 1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1019, 59 L.Ed.2d 73 (1979). Consequently, unless the

defendants inform the Court of the nature and extent of any purportedly exculpatory evidence, and satisfy the Court that the defendant possessing this information would in fact be willing to testify at a separate trial, the Court cannot take the extreme step of severing these defendants for purposes of trial. *See United States v. Jackson*, 549 F.2d 517, 524 (8th Cir.), *cert. denied*, 431 U.S. 923, 97 S.Ct. 2195, 53 L.Ed.2d 236 (1977); *United States v. Graham*, 548 F.2d 1302, 1311 (8th Cir. 1977).

In summary, based upon the present stature of this case, the Court finds the defendants' allegations of prejudicial joinder to be without merit. If at some later stage in this proceeding it develops that a real danger of prejudice exists as a result of the joinder of these defendants, the defendants may, of course, renew their objections to joinder and again request a severance. Accordingly, it is hereby

ORDERED that the defendants' joint motion for severance and relief from prejudicial joinder be, and the same is hereby denied.