# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2424

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Renell Edward Etheridge, | * |
| | * |
| Appellant. | * |

_____

Submitted:  November 17, 1998

Filed:   January 20, 1999

_____

Before BEAM, Circuit Judge, LAY, Senior Circuit Judge, and SIPPEL,[*] District Judge.

SIPPEL, District Judge.

Renell Edward Etheridge appeals from a judgment of the district court[1] following his conditional plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2).  For reversal, Etheridge argues that

_____

[*]  The HONORABLE RODNEY W. SIPPEL, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1] The Honorable Michael J. Davis, United States District Court for the District of Minnesota.

evidence seized during a search of his home should have been suppressed because there was no probable cause to issue the warrant. We affirm.

## Jurisdiction

Jurisdiction in the district court was proper based upon 18 U.S.C. § § 922(g)(1) and 924(a)(2). Jurisdiction in this court is proper based upon 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Etheridge timely filed his notice of appeal pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure.

## Background

On September 16, 1997, Renell Etheridge was arrested during a search of his residence which he shares with his mother, Lolitta Etheridge. The search was conducted pursuant to a warrant issued by a magistrate judge in connection with a narcotics investigation of appellant's brother, Dwayne Etheridge.

Etheridge filed a pre-trial motion to suppress the fruits of the search, alleging a lack of probable cause that the sought-for items would be found in his home. The magistrate judge held an evidentiary hearing and recommended that his motion to suppress be denied. After conducting a de novo review, the district court adopted the magistrate's recommendation.

Etheridge subsequently entered a conditional plea of guilty on January 14, 1998 to the charged offense. Pursuant to the plea agreement, Etheridge preserved his right to appeal the district court's ruling on the motion to suppress and the sentence imposed. Etheridge was sentenced to imprisonment for 33 months and two years of supervised release.

## Discussion

On appeal, Etheridge contends that the district court erred in denying his motion to suppress evidence for lack of probable cause. "The principles governing our review of this issue are well established." United States v. Curry, 911 F.2d 72, 74-75 (8th Cir. 1990), cert. denied, 498 U.S. 1094 (1991). We review the issuance of a search warrant to determine whether, under the totality of the circumstances, the magistrate judge had a "substantial basis" for concluding there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983).

When the magistrate relied solely upon the supporting affidavit to issue the warrant, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995), quoting United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982), cert. denied, 459 U.S. 1201 (1983). We therefore turn to the affidavit to determine whether it provided a substantial basis for the magistrate's finding of probable cause.

The facts and conclusions set forth in the affidavit in support of the application for the warrant may be summarized as follows:

1) On September 8, 1997, Hennepin County Sheriff's narcotics deputies and United States postal inspectors conducted controlled deliveries of several packages of cocaine that had been intercepted from the mail. Several people were arrested as a result of these deliveries.

2) Following these arrests, the officers discovered that Dwayne Etheridge was the intended recipient of the cocaine.

3) Based on that information, Hennepin County deputies obtained a warrant to search the residence of Dwayne Etheridge.

4) During the search, officers found income documents, W-2s and weekly wage statements for Dwayne Etheridge from DKH Excavating. Several of these employment documents appeared to have been created on a home computer.

5) The officers contacted DKH Excavating and verified that these employment records had been falsified.

6) The officers also uncovered documents indicating that Dwayne Etheridge was employed by Travel to Go.

7) Travel to Go was an assumed name registered to Lolitta Etheridge at her home address. Travel to Go was unlisted in the telephone directory and had a business address of a mailbox drop box located near the home of Dwayne Etheridge.

8) Dwayne Etheridge's employment records from Travel to Go had the same falsified appearance as the documents from DKH Excavating.

9) Lolitta and Dwayne Etheridge jointly owned Dwayne's home.

10) Dwayne Etheridge's vehicle was actually registered to Lolitta Etheridge.

Based on this evidence, the officer conducting the investigation believed that Dwayne Etheridge was falsifying employment records to conceal the true source of his drug income. Accordingly, he applied for a warrant to search the residence of Lolitta Etheridge to locate the source of the false documents, drugs and proceeds. The officer testified that, based upon his prior training and experience as a financial analyst, drug dealers often use the homes of relatives to conceal income records and drugs. He also reasoned that the falsified financial documents may have been created at Travel to Go since travel agencies typically use computers in conjunction with their business.

The magistrate judge issued the warrant based upon the affidavit of the officer. On September 16, 1997, the officers searched the home of Lolitta and Renell Etheridge. Renell

Etheridge was discovered during the search in possession of a firearm and subsequently arrested.

An affidavit supporting a warrant must show that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. The requisite nexus between a particular location and contraband is determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence. United States v. Christenson, 549 F.2d 53, 57 (8th Cir. 1977).

Appellant contends that there was insufficient evidence in the supporting affidavit to establish that illegal activities or evidence of a crime would be found at his residence. We disagree.

The affidavit recounts the results of a narcotics investigation into the activities of Dwayne Etheridge. The officer who subscribed and attested to the affidavit, a trained financial analyst, believed that Dwayne Etheridge had created a false front of legitimacy to conceal his drug income. Prior to obtaining the warrant to search the home of Lolitta and Renell Etheridge, the officers verified that Dwayne Etheridge's employment and income records from DKH Excavating had been falsified. These documents looked similar in appearance to his records from Travel to Go, an assumed name registered to Lolitta Etheridge at her home address. Travel to Go had no telephone number listed in the telephone directory and no physical location other than Lolitta Etheridge's home address. The falsified income documents appeared to have been generated on a home computer, a piece of equipment often used by travel agencies in the normal course of business.

The circumstances set forth in the affidavit established a link between Dwayne Etheridge, his falsified employment records and Travel to Go. In light of the information that Dwayne Etheridge's employment documents from Travel to Go appeared to have been

falsified using a home computer and that Travel to Go had no listed telephone number or known physical location other than Lolitta Etheridge's home address, there were sufficient grounds for believing that evidence of Dwayne Etheridge's false front of legitimacy would be found at Lolitta and Renell Etheridge's residence.  See Curry, 911 F.2d at 75.  In sum, examining "all the circumstances set forth in the affidavit," Gates, 462 U.S. at 238, we cannot conclude that the affidavit did not provide the magistrate with a substantial basis for determining the existence of probable cause.  Accordingly, the district court did not clearly err in denying Etheridge's motion to suppress.

Even if the warrant application were deficient, the search was lawful under the good-faith exception of United States v. Leon, 468 U.S. 897, 923 (1984).  Under this exception, "absent allegations that the magistrate was not neutral, 'suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Fulgham, 143 F.3d 399, 401-02 (8th Cir. 1998), quoting Leon, 468 U.S. at 926.

Accordingly, the judgment is affirmed.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT