**UNITED STATES of America,
Plaintiff,**

v.

**Riniski McGLOWN, Defendant.**

**No. 4:02CR3013.**

United States District Court,
D. Nebraska.

May 2, 2002.

Bruce W. Gillan, Assist. U.S. Atty., Lincoln, NE, for plaintiff.

Richard J. Epstein, Omaha, NE, for defendant.

## MEMORANDUM AND ORDER ON OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION

URBOM, District Judge.

This matter is before me on the defendant's objection, filing 20, to the Report and Recommendation of the magistrate judge,[1] filing 18, regarding the defendant's motions to suppress, filings 14, 15. In his motions, the defendant seeks to exclude all evidence that was seized during a July 20, 2001, search of his residence, and any statements resulting from this allegedly illegal search as "fruit of the poisonous tree." *See* filings 14, 15. According to the defendant, critical information was knowingly omitted from the affidavit submitted in support of the warrant application, thus misleading the issuing judge.[2] The magis-

---

1. The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

2. As the magistrate judge noted, the defendant raises several additional grounds for suppression in his motions. *See* filings 14, 15. I agree with the magistrate judge, however, that the defendant has effectively abandoned these arguments by failing to address them in his briefs. *See* filing 18 at 1 n. 1.

trate judge has recommended that I deny the defendant's motions. *See* filing 18. After conducting a de novo review of those findings that the defendant challenges, I conclude that the defendant's objections are without merit. *See Jones v. Pillow,* 47 F.3d 251, 252 (8th Cir.1995) ("Once a proper objection is made to a magistrate judge's finding, the district court must review that finding de novo." (citations omitted)); 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Thus, I will adopt the magistrate judge's Report and Recommendation and deny the defendant's motions to suppress.

## Analysis

■ Under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a facially-sufficient warrant affidavit may be challenged on the ground that it (1) includes deliberate or reckless falsehoods, or (2) omits material information. *See Franks,* 438 U.S. at 171, 98 S.Ct. 2674; *United States v. Milton,* 153 F.3d 891, 895–96 (8th Cir.1998), *cert. denied,* 525 U.S. 1165, 119 S.Ct. 1082, 143 L.Ed.2d 83 (1999); *see also United States v. Reivich,* 793 F.2d 957, 960 (8th Cir.1986) (noting that *Franks* "has been extended to allow challenges to affidavits based on alleged deliberate omissions") (citing *United States v. Dennis,* 625 F.2d 782 (8th Cir. 1980)). In this case, the warrant affidavit includes references to the debriefing of a DEA confidential source. The defendant contends that the affidavit should have also included the fact that during this debriefing, the source provided false information to the DEA as to the true identity of his major MDMA (Ecstacy) customers, and falsely implicated an innocent party as a major customer. This information, the defendant argues, casts doubt on the veracity and reliability of the source's statements

and would have altered the magistrate judge's probable cause analysis.

■ In order to obtain a hearing under *Franks,* the defendant is required to make a "substantial preliminary showing" as to the following: "1) that facts were omitted with the intent to make, or in reckless disregard of whether they thereby make, the affidavit misleading, and 2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *Franks,* 438 U.S. at 170, 98 S.Ct. 2674; *United States v. Gladney,* 48 F.3d 309, 313 (8th Cir.1995) (citations omitted); *see United States v. Mathison,* 157 F.3d 541, 547–48 (8th Cir.1998), *cert. denied,* 525 U.S. 1089, 119 S.Ct. 841, 142 L.Ed.2d 696 (1999), 525 U.S. 1165, 119 S.Ct. 1081, 143 L.Ed.2d 83 (1999). This preliminary requirement " 'is not lightly met.' " *Mathison,* 157 F.3d at 548 (quoting *United States v. Wajda,* 810 F.2d 754, 759 (8th Cir.1987), *cert. denied,* 481 U.S. 1040, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987)). Thus, "[a] mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." *Id.* (citing *Franks,* 438 U.S. at 171, 98 S.Ct. 2674); *Franks,* 438 U.S. at 171, 98 S.Ct. 2674 ("Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.").

■ According to the defendant, the magistrate judge erred in finding that the defendant's motions to suppress should be denied without a *Franks* hearing. *See* filing 20 ¶ 1. With respect to the first prong of the *Franks* inquiry, the defendant notes that "the government has not disputed in any filings the defense contention that [the] confidential source ... lied about one

of his major customers and further lied in identifying an innocent party as one of his major customers." Br. in Supp. of Statement of Objection to Magistrate Judge's Recommendation [hereinafter Defendant's Brief] at 5. The defendant therefore argues that "since the government has not disputed this fact, clearly, the defense has made a substantial preliminary showing that these statements were omitted from the search warrant Affidavit." *Id.* "[T]his omission," the defendant concludes, "presented at the very least a reckless disregard for the truth in [Special] Agent Hursey's Affidavit." *Id.* I am not persuaded. As noted above, mere allegations will not suffice under *Franks*. *See Mathison*, 157 F.3d at 548; *see also Franks*, 438 U.S. at 171, 98 S.Ct. 2674 ("To mandate an evidentiary hearing, the challengers's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."). *Franks* requires an offer of proof, and the defendant here has failed to offer any evidence of recklessness or deliberateness in connection with the alleged omission. *See Franks*, 438 U.S. at 171, 98 S.Ct. 2674. In fact, as the magistrate judge noted in his report, the defendant has made no showing that at the time the warrant affidavit was presented for review, Special Agent Hursey was aware that the confidential source had provided false or misleading information during the debriefing. *See* filing 18 at 6. I therefore agree with the magistrate judge that the defendant has not met the first burden required in the preliminary showing necessary to obtain a *Franks* hearing. *See id.* Thus, to the extent the defendant challenges this finding, his objection will be denied. *See* filing 20 ¶¶ 5, 6.[3]

■ I also agree with the magistrate judge that the defendant has failed to meet his second burden under *Franks*. In his report, the magistrate judge noted that the warrant application "was not based solely on the information provided by a confidential source, but was supported by taped conversations between that source and the defendant, by the defendant's actions as witnessed by law enforcement officers, and by the investigation performed by those officers." Filing 18 at 4. In fact, "very little of the information in the warrant application came solely from the confidential source." *Id.* at 5. Thus, the magistrate judge concluded that "[e]ven if the confidential source's unwitnessed statements are excluded from the affidavit as unreliable, the affidavit retains ample information to support a probable cause finding to issue the warrant." *Id.* at 6.

The defendant challenges the above conclusions, arguing that the warrant affidavit "was borderline at best and certainly deleting [the confidential] informant['s] ... information, destroyed probable cause...." Defendant's Brief at 3. More specifically, the defendant contends that there was insufficient evidence in the affidavit to establish that contraband would be found in the residence at 520 North 73rd Street. *See id.* at 3–5.

A warrant affidavit must show that, in light of "all the circumstances[,] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The Eighth Circuit has explained that "[t]he requisite nexus between a particular location and contraband is de-

---

**3.** In his statement of objection, the defendant challenges "the conclusion of the Magistrate Judge that no law enforcement officer knowingly, intelligently or recklessly provided false information for inclusion in the warrant Affi-

davit." Filing 20 ¶ 6. The defendant, however, does not include any argument as to false information in his brief. Instead, he focuses on the omitted information discussed above.

termined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *United States v. Etheridge*, 165 F.3d 655, 657 (8th Cir.1999) (citing *United States v. Christenson*, 549 F.2d 53, 57 (8th Cir.1977)). Here, as the magistrate judge explained in his report, the warrant affidavit recounts the results of a narcotics investigation involving the defendant. During a June 1, 2001, debriefing, the confidential source advised DEA Special Agent Hursey that he had sold MDMA to the defendant on prior occasions, with some of these encounters occurring in the Sears parking lot close to the defendant's residence. The source identified this residence as 520 North 73rd Street, Omaha, Nebraska. The source also stated that the defendant normally drove a black Durango. Through its independent investigation, the DEA confirmed that the above address was listed on the defendant's driver's licence. After observing a black Durango parked at this residence, the DEA also confirmed that the defendant was a registered owner of the vehicle.

During a taped telephone conversation on June 1, the defendant acknowledged that he had previously paid the confidential source for 200 MDMA pills. The source then arranged to meet with the defendant at the Sears department store, and surveillance observed the defendant leave the residence at 520 North 73rd Street for this June 8, 2001, meeting. According to the source, he advised the defendant during this meeting that his supplier could not come through with any MDMA, but that he had a friend who could provide the defendant with the illegal drug, including the 200 pills the defendant had already purchased. Following a series of monitored phone calls between the source and the defendant, the source introduced Special Agent Hursey to the defendant as an MDMA distributor. Special Agent Hursey and the defendant negotiated for the delivery of approximately 1,000

MDMA pills, but no agreement was reached during this June 12th meeting. The source and the defendant then engaged in a second round of phone calls, during which they continued to negotiate regarding the deal with Special Agent Hursey. The defendant, however, then withdrew from these negotiations, advising the source that he would be receiving a supply from a different source within the hour. In a later phone call, on June 20th, the defendant told the source that he had received a "boat," meaning 1,000 MDMA tablets, from another supplier.

The warrant affidavit also explains that during late March and April of 2001, the Omaha Police Department and the FBI conducted controlled purchases of MDMA from Tracy Blake, who also resided at 520 North 73rd Street. The vehicle Blake drove to the purchases was registered to an individual residing at this address. The cell phone Blake used in connection with the purchases was in the name of the same individual. According to the DEA confidential source, Blake accompanied the defendant during one of their previous transactions involving the sale of 500 MDMA pills.

Finally, in July 2001, law enforcement officers collected the trash left at the curbside of the defendant's residence. While searching this trash, they discovered marijuana seeds and stems, as well as well as several small plastic baggies, one of which contained a white powdery substance that was later determined to be Ecstasy. The officers also found mail that was addressed to the defendant at 520 North 73rd Street.

The evidence outlined above demonstrates that even if the confidential source's uncorroborated information is excluded from consideration as unreliable, a link remains among the defendant, Tracy Blake, the sale of drugs, and 520 North 73rd Street. The defendant, however, suggests that because there are no allega-

tions in the affidavit indicating that somebody actually observed controlled substances in this residence, probable cause is lacking. *See* Defendant's Brief at 3–4; *see also id.* at 4–5 ("Clearly, there were no allegations in the Affidavit that any purchases took place at the Defendant's home or that the Defendant was currently in possession of controlled substances at his home."). The defendant also contends that the "minute amount of controlled substance" found in the defendant's trash "does not establish that the Defendant is a drug dealer nor does it establish that the substances found belonged to this Defendant or anyone else residing in this house." *Id.* at 4. I am not persuaded. It is well established that "[p]robable cause requires only a 'fair probability' that contraband will be found in a search, not a certainty that it will be found." *United States v. Wold,* 979 F.2d 632, 635 (8th Cir.1992) (citing *Gates,* 462 U.S. at 246, 103 S.Ct. 2317). Taken together, the above information "strongly suggests" the defendant was involved in drug transactions, and that evidence relating to such transactions could be found at 520 North 73rd Street. *See Mathison,* 157 F.3d at 549. In short, the above circumstances establish the requisite nexus between the defendant's residence and drugs. *See Etheridge,* 165 F.3d at 657. I therefore agree with the magistrate judge's conclusion that the defendant also failed to satisfy his second burden under *Franks.* Despite the defendant's assertions to the contrary, there is simply no indication that the omission of information regarding the confidential source's false statements "compromised the affidavit to such an extent that it could not have supported a finding of probable cause if [such information] had been included." *United States v. Hall,* 171 F.3d 1133, 1143 (8th Cir.1999), *cert. denied,* 529 U.S. 1027, 120 S.Ct. 1437, 146 L.Ed.2d 326 (2000). Thus, to the extent the defendant challenges the magistrate judge's findings re-

lating to probable cause, his objection will be denied. *See* filing 20 ¶¶ 2–4.

For the reasons outlined above, I agree with the magistrate judge that the defendant's motions to suppress should be denied, and that a *Franks* hearing is neither necessary nor appropriate.

**IT IS ORDERED** that the defendant's Statement of Objection to Magistrate Judge's Recommendation, filing 20, is overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation, filing 18, is adopted, and the defendant's Motion to Suppress Physical Evidence, filing 14, and Motion to Suppress Statements, filing 15, are denied.