**UNITED STATES of America, Plaintiff,**

v.

**Timothy J. BAGFORD, Defendant.**

**No. CR 3–02–056.**

United States District Court, S.D. Ohio, Western Division.

Jan. 2, 2003.

---

David J. Horne, United States Attorney's Office, Dayton, OH, for plaintiff.

David Harold Landon, Dayton, OH, for defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (DOC. # 15)

RICE, Chief District Judge.

On April 22, 2002, Detective Eric Grile ("Grile") of the Beavercreek, Ohio, Police Department executed an affidavit with which he obtained a warrant to search the residence located at 2131 Stewart Road, Xenia, Ohio, from Judge Susan Goldie of the Xenia Municipal Court. Defendant Timothy J. Bagford ("Defendant" or "Bagford") lived at that residence. When that search warrant was executed on April 23, 2002, officers discovered two firearms. As a consequence, the Defendant is charged in the Indictment (Doc. # 7) with possession of two firearms by a convicted felon, in violation of 18 U.S.C. § 922(g).

This case is presently before the Court on the Defendant's Motion to Suppress Evidence (Doc. # 15). With that motion, the Defendant argues that Grile's affidavit failed to establish probable cause to believe that contraband or evidence of criminal activity would be found in his residence. The parties agreed that an evidentiary hearing was not necessary to resolve that motion, and have submitted the matter to the Court on their memoranda.[1]

1. The Government has furnished copies of the search warrant for 2131 Stewart Road and Grile's affidavit in support of same, which are attached to this Decision as exhibits.

*See* Docs.## 15, 17 and 20. The Court now rules on the Defendant's Motion to Suppress Evidences (Doc. # 15), beginning its analysis by reviewing the information contained in Grile's affidavit, following which it sets forth the standards which must be applied to this motion.

In his affidavit, Grile states that, in January, 2001, F.B.I. Special Agent Don Reidman ("Reidman") introduced him to a confidential informant, who told him (Grile) that Bagford was selling marijuana. Reidman described the confidential informant as being reliable, although the details concerning his reliability are not set forth in Grile's affidavit. Later, in March, 2001, the confidential informant told Grile that he had been to the Defendant's residence at 2131 Stewart Road, where he had observed marijuana seedlings growing. The confidential informant also indicated that the Defendant and his son were going to transplant the marijuana plants to a field when the weather became consistent. In March, 2001, officers of the Nebraska State Patrol stopped a vehicle which was carrying 48 pounds of marijuana. According to the driver of that vehicle, the marijuana was to be delivered to Greene County, Ohio. Another confidential informant, working under the control of the Greene County A.C.E. Task Force, told Grile that the person to whom that shipment of mari-

juana was to be delivered had received such shipments every few weeks during the months preceding March, 2001, at Bagford's residence, i.e., 2131 Stewart Road. On April 9, 2002, the Centerville, Ohio, Police Department took a criminal complaint from a woman, who alleged that her son, 17 years of age, had been forced into an automobile and taken against his will to the Defendant's residence, because he owed the Defendant several hundred dollars for a past marijuana deal. Grile also indicated that Bagford had been convicted of offenses relating to controlled substances in 1974, 1977 and 1988, and that marijuana and a handgun had been discovered when his residence at 2131 Stewart Road was searched in April, 1993.[2]

 In *United States v. Smith,* 182 F.3d 473 (6th Cir.1999), the Sixth Circuit restated certain fundamental principles that a court must apply when a defendant argues that evidence, seized upon the execution of a search warrant, must be suppressed because the supporting affidavit did not establish the existence of probable cause:

> The Fourth Amendment, which states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation," U.S. CONST. amend. IV, requires that probable cause be determined "by a neutral and detached mag-

---

**2.** In paragraph 6 of his affidavit, Grile states that, on April 23, 2002, the day after the execution of that affidavit, a confidential informant working under the direction and control of the Greene County A.C.E. Task Force would make a controlled telephone call to the Defendant at his residence, in order to discuss a debt the confidential informant owes Bagford for a previous marijuana transaction. In paragraph 7, Grile states that the search warrant would be served only if the conversation described in paragraph 6 occurred. Thus, it appears that it was an anticipatory search warrant that was issued for 2131 Stewart Road. *See United States v. Miggins,* 302 F.3d 384, 394–95 (6th Cir.2002) (discuss-

ing anticipatory warrants). Since an oral and evidentiary hearing on Defendant's Motion to Suppress Evidence (Doc. # 15) was not conducted, there is no evidence that the triggering event (the telephone call from the confidential informant to the Defendant) actually occurred. Bagford has not argued that the search warrant was invalid, because the triggering event failed to occur; therefore, he did not put the Government on notice that it would need to introduce evidence of the occurrence of that event. Consequently, the Court concludes that the Defendant has waived that issue and does not consider whether the search warrant was invalid because the triggering event did not occur.

istrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out federal crime." *Johnson v. United States,* 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). In order for a magistrate to be able to perform his official function, the affidavit must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant. *Whiteley v. Warden,* 401 U.S. 560, 564, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Probable cause is defined as "reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion." *United States v. Bennett,* 905 F.2d 931, 934 (6th Cir.1990). It requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates,* 462 U.S. 213, 244 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). A warrant must be upheld as long as the magistrate had a "substantial basis for ... conclud[ing] that a search would uncover evidence of wrongdoing...." *Id.* at 236, 103 S.Ct. 2317. *See also United States v. Finch,* 998 F.2d 349, 352 (6th Cir.1993).

*Id.* at 476–77. In *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court stressed that the existence of probable cause must be determined from the totality of the circumstances. When determining whether Grile's affidavit established probable cause to believe that contraband or evidence of a crime would be found at 2131 Stewart Road, this Court must examine the totality of those circumstances in a "realistic and commonsense fashion." *United States v. Van Shutters,* 163 F.3d 331, 336 (6th Cir.1998), *cert. denied,* 526 U.S. 1077, 119 S.Ct. 1480, 143 L.Ed.2d 563 (1999). Of course, this Court also must afford great deference to the determination of probable cause made by Judge Goldie who issued the search warrant. *United States v. Allen,* 211 F.3d 970 (6th Cir.) (*en banc*), *cert. denied,* 531 U.S. 907, 121 S.Ct. 251, 148 L.Ed.2d 181 (2000); *United States v. Akram,* 165 F.3d 452, 456 (6th Cir.1999). Where, as in the present case, oral testimony was not presented to the issuing magistrate, the existence of probable cause to support a warrant must be ascertained exclusively from the four corners of the affidavit. *See e.g., Whiteley v. Warden,* 401 U.S. 560, 565 n. 8, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *United States v. Vigeant,* 176 F.3d 565, 569 (1st Cir. 1999); *United States v. Etheridge,* 165 F.3d 655, 656 (8th Cir.1999); *United States v. Weaver,* 99 F.3d 1372, 1377 (6th Cir. 1996).

In *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court modified the exclusionary rule "so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *Id.* at 905, 104 S.Ct. 3405. *See also, United States v. Czuprynski,* 46 F.3d 560 (6th Cir.1995) (*en banc*). The *Leon* Court also held that the good faith exception to the exclusionary rule would not apply under the following circumstances, to wit: 1) when the search warrant was obtained in violation of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); 2) when the issuing magistrate has failed to act in a neutral and detached fashion; 3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and 4) when the warrant is so facially deficient (i.e., it fails to describe the particular place to be searched or the items to be seized) that the executing officers could not have reasonably presumed that it was valid. 468 U.S. at 923, 104 S.Ct. 3405. *See also, Van Shutters, supra; United States v. Leake,* 998 F.2d 1359, 1366 (6th Cir.1993).

In his motion, the Defendant argues that the Court must suppress the evidence which was seized from his residence, because Grile's affidavit failed to establish probable cause to believe that contraband or evidence of criminal activity would be found at 2131 Stewart Road. *See* Doc. # 15 In particular, Bagford contends that much of the information contained in that affidavit was stale, since events occurring in March, 2001, more than one year before the affidavit was executed, are described therein. *Id.* In response, the Government argues that Grile's affidavit establishes probable cause to believe that drug trafficking activity was occurring at 2131 Stewart Road and that, in any event, the evidence seized from that location cannot be suppressed as a result of the good faith exception to the exclusionary rule adopted by *Leon. See* Doc. # 17. In his reply memorandum, the Defendant continues to question whether Grile's affidavit established probable cause, without addressing *Leon. See* Doc. # 20. In particular, he asserts that the reliability of the informants has not been established therein and that much of the information is stale.[3] *Id.* For reasons which follow, the Court concludes that, even if Grile's affidavit failed to establish probable cause, the evidence seized from 2131 Stewart Road cannot be suppressed, as a result of the good faith exception to the exclusionary rule established in *Leon.* Accordingly, the Court overrules the Defendant's motion, without deciding whether Grile's affidavit established probable cause to believe that contraband or evidence of criminal activity would be found at 2131 Stewart Road.

*First,* there is no indication that Grile was able to obtain the search warrant by violating the rule established in *Franks.*

*Second,* Bagford has neither argued nor presented evidence that Judge Goldie failed to act in a neutral and detached fashion.

*Third,* Grile's affidavit is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Grile did not present a "bare bones" affidavit of the type condemned by the Sixth Circuit (*see Van Shutters,* 163 F.3d at 337; *Leake,* 998 F.2d at 1362), given that one confidential informant referenced therein observed Bagford growing marijuana seedlings, which would be transplanted to a field when weather permitted, while another said that deliveries of large quantities of marijuana were made to Bagford's residence every few weeks. In addition, the Defendant's two specific challenges to the affidavit (i.e., that the reliability of the confidential informants is not demonstrated and that much of the informant is stale) do not convince this Court that the affidavit is lacking in all indicia of probable cause.

---

**3.** In his reply memorandum, the Defendant makes certain factual assertions which he contends support the proposition that the search warrant was not supported by probable cause. For instance, he states that his residence was in foreclosure proceedings, due to his inability to make mortgage payments during the previous year, and argues that he would have been able to afford the mortgage payments if he were involved in a marijuana trafficking operation. Doc. # 20 at 4. In addition, he notes that only one-quarter ounce of marijuana was found during the search, hardly the quantity possessed by a drug trafficker. *Id.* at 5. Therein, the Defendant also states that the person he believes to be one of the confidential informants referred to in Grile's affidavit recently died as a result of an overdose of OxyContin. *Id.* at 6. It bears emphasis that the existence of probable cause to support a warrant must be ascertained exclusively from the four corners of the affidavit. *See e. g., Whiteley, supra; Weaver, supra.* Therefore, the Court has not considered the factual assertions contained in Bagford's reply memorandum when ruling on his request to suppress evidence.

With respect to the informants, the Supreme Court, in *Gates, supra,* abandoned the two-pronged test under which an informant's statements could not establish probable cause unless the affidavit revealed the basis of his knowledge and his veracity or reliability. In place of that test, the *Gates* Court adopted the totality of the circumstances test. Based upon the following, the Court concludes that, applying the totality of the circumstances test, the reliability of the confidential informants is sufficiently demonstrated to prevent it from finding that Grile's affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Initially, it should be remembered that Grile's affidavit relates Reidman's statement that one of the confidential informants was reliable. In addition, the statements by the two confidential informants corroborated each other, since both indicated that quantities of marijuana were present at 2131 Stewart Road in or about March, 2001. *See United States v. Sturmoski,* 971 F.2d 452, 457 (10th Cir.1992) (noting that totality of circumstances established probable cause, in part, because two informants corroborated each other).

The Defendant also argues that Grile's affidavit failed to establish probable cause to believe that contraband or evidence of drug trafficking was occurring at 2131 Stewart Road, because much of the information therein was stale. Based upon the following, the Court concludes that the presence in Grile's affidavit of information about events which occurred more than

one year before he executed it does not render it "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[4] In *United States v. Greene,* 250 F.3d 471 (6th Cir.2001), the Sixth Circuit reviewed the staleness doctrine:

> This Court has previously stated that "the function of a staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate." [*United States v. Spikes,* 158 F.3d 913, 923 (6th Cir.1998); *United States v. Canan,* 48 F.3d 954, 959 (6th Cir.1995) ]. Rather, a staleness determination should be flexible, resting on numerous factors, such as:
>
>> [T]he character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?)....
>
> *Spikes,* 158 F.3d at 923 (citing *Andresen v. State,* 24 Md.App. 128, 331 A.2d 78, 106 (1975)).

*id.* at 480–81. In *Greene,* the Sixth Circuit concluded that the information contained in an affidavit was not stale, even though it had occurred about 23 months before the search warrant was obtained, because there was evidence of continuous drug trafficking at the place to be searched, thus demonstrating that it was a secure operational base. Therein, the informant

---

4. The Government points out that some information contained in Grile's affidavit relates to recently occurring events. In particular, it points to the complaint made by the woman to the Centerville Police Department, less than two weeks before Grile executed his affidavit, that her son had been kidnaped and taken to Defendant's residence because he owed several hundred dollars for a drug debt. The presence in Grile's affidavit of information concerning recent events reinforces the Court's conclusion that the affidavit is not totally lacking in indicia of probable cause, as a result of the fact that much of the information therein relates to events which occurred more than one year before that affidavit was executed.

had engaged in drug transactions on numerous occasions at that location. Similarly, herein, one of the confidential informants indicated that large shipments of marijuana were made to 2131 Stewart Road every few weeks, thus demonstrating continuous use of that location for drug trafficking and that it was a secure operational base. Moreover, the search warrant was obtained to investigate drug trafficking which is regenerating criminal activity, rather than being a "chance encounter in the night." In addition, the affidavit showed that the Defendant was entrenched in his criminal behavior at 2131 Stewart Road, given that marijuana had been discovered at that residence when a search warrant was executed there in 1993.

*Fourth*, the warrant was not so facially deficient that the executing officers could not have reasonably presumed that it was valid. On the contrary, the search warrant described the particular place to be searched and the items to be seized.

Based upon the foregoing, the Court overrules the Defendant's Motion to Suppress Evidence (Doc. # 15).